206 So.2d 155 (1968)
Robert L. MORRIS, III, and Reliance Insurance Company of Philadelphia
v.
Rudy KOSPELICH, Cooperative Cab Company, Inc., and Joseph McQueen, Jr.
No. 2814.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1968.
Rehearing Denied February 5, 1968.
Writ Granted April 11, 1968.
Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, for plaintiffs-appellants.
Dudley A. Phillips, Jr., New Orleans, for defendants-appellees.
*156 Before REGAN, HALL, and BARNETTE, JJ.
REGAN, Judge.
The plaintiffs, Robert L. Morris, III, and Reliance Insurance Company of Philadelphia, his automobile liability insurer, filed this suit against the defendants, Rudy Kospelich, an operator of a taxicab, Joseph McQueen, Jr., the owner thereof, and the Cooperative Cab Company, Inc., the insurer of the cab, endeavoring to recover by way of contribution from them as joint tort-feasors the sum of $2,350.24 representing one-half of the sum expended by the plaintiffs in compromising a claim for personal injuries incurred by a guest passenger as the result of a collision which occurred between their respective vehicles.
The plaintiffs also sought to recover from Rudy Kospelich and Cooperative Cab Company, Inc., the sum of $397.70 representing one-half of a judgment rendered solidarily against the plaintiffs and these two defendants for property damage which resulted from their joint and concurrent negligence in the same collision.
The defendants answered and in effect conceded that the plaintiffs were entitled to recover the sum of $397.70 representing one-half of a judgment rendered against the plaintiffs and the defendants, Kospelich and Cooperative Cab Company, Inc., as joint tortfeasors, for property damage incurred by McQueen as a result of the collision.
However, the defendants denied that the plaintiffs were entitled to recover from them, by way of contribution as joint tort-feasors, the sum of $2,350.24 representing one-half of the amount expended by the plaintiffs in settlement of a claim for personal injuries incurred as a result of the collision by Frederick Elliot, as a guest passenger in the plaintiff's vehicle.
The lower court rendered judgment in favor of the plaintiffs for $397.70, or one-half of the judgment previously rendered against them for property damage, but denied their legal effort to recover contribution for one-half of the amount paid in settlement of the guest passenger's claim prior to the filing of a suit therefor.
The facts hereof were stipulated in the lower court, and they disclose that on April 26, 1964, an automobile collision occurred in the intersection of Napoleon Avenue and Freret Street in the City of New Orleans. The accident involved a vehicle owned by the plaintiff, Robert L. Morris, III, operated by his son, Robert L. Morris, IV, and insured by the Reliance Insurance Company of Philadelphia. The other vehicle involved was a United Cab operated by Rudy Kospelich, owned by Joseph McQueen and insured by Cooperative Cab Company, Inc.
A guest passenger in the plaintiff's vehicle, Frederick Elliot, a minor, was injured in the collision. This claim was compromised by Reliance Insurance Company without the knowledge or consent of the defendants, for the sum of $4,700.47. This settlement was submitted, as is usual, to the Civil District Court for the Parish of Orleans and was approved by a judge thereof in conformity with law.
Subsequently, Joseph McQueen, Jr., the owner of the cab, filed suit against the plaintiffs, Morris and Reliance Insurance Company, endeavoring to recover the cost of repairing the damage to his vehicle which it had sustained in the collision. The lower court rendered judgment in favor of McQueen and against the plaintiffs for the entire amount of McQueen's damages, that is, the sum of $795.41 plus court costs of $54.90. This judgment, as well as the judgment approving the minor's settlement, was rendered before the prescriptive period of one year.
This suit, the issues of which are now posed for our consideration, was also filed before the end of the prescriptive period by the plaintiffs requesting contribution from the defendants for one-half of all amounts paid by the plaintiffs as a result of the claims asserted against them. The plaintiffs' *157 total expenditure was $5,550.78, and they request contribution of one-half thereof, or $2,775.39.
It was also stipulated in the lower court that the drivers of both vehicles were guilty of negligence which concurred in the collision; that the settlement or compromise paid to Frederick Elliot was reasonable; and that the award to McQueen was proper.
The lower court concluded that the plaintiffs as joint tortfeasors were entitled to recover in a separate suit their virile share of the sum expended as a result of the judgment rendered against them, that is, for property damage in the amount of $397.70 together with court costs of $27.45. However, the lower court refused to permit the same joint tortfeasors, the plaintiffs herein, to recover by a separate suit the sum paid as the result of a voluntary compromise between them and the injured party without the knowledge, consent, or concurrence of Kospelich and the Cooperative Cab Company, Inc., the other joint tortfeasors.
Since there was no answer to the appeal or an appeal by the defendants, that portion of the judgment awarding plaintiffs $425.15 as their share of the amount paid as the result of the judgment against the plaintiffs for property damage is not before us.
Therefore, the only question posed for our consideration, the answer to which, we are informed, is res nova, is whether the plaintiff, as a joint tortfeasor, and his insurer are entitled to recover in a separate or plenary lawsuit the plaintiffs' virile share of money expended as a result of a voluntary compromise between themselves and the injured party, Frederick Elliot, without the knowledge, consent, or concurrence of the other joint tortfeasors, that is, Rudy Kospelich and the Cooperative Cab Company, Inc.
It is axiomatic under Louisiana law that joint tortfeasors are solidarily liable.[1] Prior to the 1960 amendment to Civil Code Article 2103, it was well settled that contribution between joint tortfeasors could only be obtained when one of the tortfeasors was compelled to pay damages which had been awarded by a judgment rendered against both solidarily.[2] It was equally well settled that one joint tortfeasor who had been condemned by judgment and who had paid the amount thereof had no right to enforce contribution from another joint tortfeasor against whom a judgment had not been rendered.[3] In short, contribution could only be obtained by one solidarily liable with another upon his voluntary payment of the debt in the case of obligations incurred ex contractu.[4] Moreover, between the enactment of the Third Party Practice Act[5] and the 1960 amendment to Civil Code Article 2103, the court reasoned in the case of Kahn v. Urania Lumber Company[6] that the Third Party Practice Act did not change the established jurisprudence and that despite this Act, the right of contribution between joint tortfeasors existed only on behalf of the joint tortfeasors who were compelled to pay damages as the result of a judgment rendered against both in solido. The rationale thereof was to the effect that there existed no substantive right of contribution between joint tortfeasors, irrespective of the fact that the legislature had created a procedural vehicle therefor.[7]
*158 As a result of the Kahn decision, the Louisiana Law Institute sought to authorize contribution between joint tortfeasors, and recommended that Civil Code Article 2103 be amended so as to treat contribution of a solidary obligation arising from a delict in the same fashion as one arising from a contract, and thus establish the application of identical rules of contribution between conventional debtors in solido to delictual debtors in solido. The Institute also decided that this amendment should be coordinated with the Code of Civil Procedure by reference to the article pertaining to third party demands.[8]
The creation of a substantive right to contribution among joint tortfeasors was thus accomplished by the passage of Act 30 of 1960, which became effective January 1, 1961, amending Article 2103 to read:
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
"A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff."
It should also be pointed out, because of its significance, that the legislature did not choose to amend Article 2104, which reads:
"If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each.
"If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent codebtors and him who has made the payment."
In 1962, the Louisiana Supreme Court in effect recognized the substantive right to contribution and permitted a joint tort-feasor to proceed through the medium of a third party petition against the other joint tortfeasor by virtue of the rationale emanating from the case of Brown v. New Amsterdam Casualty Company.[9]
In this case, the lower court based its decision of refusing to permit a joint tort-feasor who settled or compromised a claim independently of the other joint tortfeasor, to sue for contribution upon its interpretation of the rationale of the second paragraph of Article 2103. The court concluded from the wording thereof that a suit by one joint tortfeasor against the other should be predicated upon a prior suit and upon the litigant seeking contribution having been "cast" therein by virtue of a judgment.
We have carefully considered Article 2103, Article 2104, and the jurisprudence interpretive thereof both before and after the amendment of 1960, and we have reached the inevitable conclusion that if a joint tortfeasor discharges the debt through the medium of a compromise, he may request contribution from his fellow joint tortfeasor by an independent plenary action. If the joint tortfeasor requesting contribution proves that a tort was in fact committed, that the defendant was solidarily liable with him for the amount compromised, and that the amount paid was not in excess of the damage inflicted, he may collect his pro rata share from the other joint tortfeasor by virtue of a separate suit.
The foregoing conclusion is inevitable for several reasons. First, the amendment to Article 2103, that is, the first paragraph thereof, clearly provides that the rules applicable to solidary obligations should be applied *159 to obligations arising ex contractu and ex delicto.[10] Thus, if we were to reason that a suit by a creditor against one joint tortfeasor was a condition precedent to the enforcement of contribution, the same rule would, rationally, have to be applied to obligations arising ex contractu, and a conventional debtor would not be permitted to obtain his virile portion by virtue of an independent action until and unless he was sued by the creditor and then "cast" in judgment. Obviously, such an absurd result was never intended by the legislature.
Second, the last paragraph of Article 2103 simply does not provide for a suit against one joint tortfeasor as a condition precedent to a subsequent suit for contribution against a fellow tortfeasor. The last paragraph of this article is, in our opinion, nothing more than mere statutory emphasis on third party procedure and the very positive legislative expression of a firm intent to supercede the rule of the Kahn case, to the effect that a joint tortfeasor could not exercise the prerogative of third party procedure to obtain contribution. To reiterate, the phraseology of this article merely consists of an explicit grant of the option to use third party procedure in order to be certain that the courts would not misinterpret it and thereby deny this form of action to a joint tortfeasor. We hasten to point out that the language of Article 2103 is permissive in that it provides that a defendant who is sued on an obligation solidary in nature may seek to enforce contribution by third party practice.[11] This reasoning is substantiated by reference to the Code of Civil Procedure Article 1113, incorporated by reference in Article 2103 of the Civil Code. Code of Civil Procedure Article 1113 provides that:
"A defendant who does not bring in as a third party defendant a person who is liable to him for all or part of the principal demand does not on that account lose his right or cause of action against such person, unless the latter proves that he had means of defeating the action which were not used, because the defendant either failed to bring him in as a third party defendant, or neglected to apprise him that the suit had been brought. The same rule obtains with respect to a defendant in reconvention who fails to bring in as a third party defendant a person who is liable to him for all or part of the reconventional demand."
Thus, if a person from whom contribution is being sought would have had a valid defense to the original action, he will not be deprived thereof, or be liable in a separate suit. This reasoning, of course, is obviously applicable to a case of this nature, and the joint tortfeasor from whom contribution is sought may still assert a defense to the separate action if one, in fact, exists.
Turning our attention to the last aspect of this case, we are of the opinion that no judgment may be rendered against the owner of the taxicab involved herein, Joseph McQueen, Jr., because of the lease arrangement which existed between him and Kospelich, the driver thereof. In view of the rationale emanating from the case of Villarrubia v. Roy,[12] the negligence of the driver under such a lease arrangement is not imputable to the owner of the taxicab. Briefly, the operator of the cab was not acting as the agent of the owner thereof.
For the foregoing reasons, the judgment of the lower court is affirmed insofar as it awarded to the plaintiffs the sum of $425.15 together with legal interest thereon from date of judicial demand until paid.
The judgment of the lower court is now reversed insofar as it denied the plaintiffs' *160 claim for $2,350.24, representing one-half of the settlement consummated by the plaintiffs with Frederick Elliot, and judgment is therefore rendered in favor of the plaintiffs, Robert L. Morris, III, and Reliance Insurance Company of Philadelphia, and against the defendants, Rudy Kospelich and Cooperative Cab Company, Inc., in the full amount of $2,350.24, together with legal interest thereon from date of judicial demand until paid.
The defendants are to pay all costs incurred herein.
Affirmed in part, reversed in part, and rendered.
NOTES
[1] C.C. Art. 2324.
[2] See Winford v. Bullock, 210 La. 301, 26 So.2d 822 (1946); Quatray v. Wicker, 178 La. 289, 151 So. 208 (1933).
[3] See Sincer v. Bell, 47 La.Ann. 1548, 18 So. 755 (1895).
[4] Article 2103 originally read as follows: "The obligation contracted in solido towards the creditor, is of right divided amongst the debtors, who, amongst themselves, are liable each only for his part and portion."
[5] Act 433 of 1954; Code of Civil Procedure Articles 1031-1040 and 1111-1116.
[6] 103 So.2d 476 (La.App.1958).
[7] Thus this decision somewhat ironically created the converse to the proverbial situation of a "right without a remedy".
[8] See Comment 37 Tulane Law Review 525, 529 (1963).
[9] 243 La. 271, 142 So.2d 796 (1962).
[10] See Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App.1964); Ranks v. Maher, 177 So.2d 412 (La.App.1965). See also Smith v. Southern Farm Bureau Casualty Insurance Company, 247 La. 695, 174 So.2d 122, 126 (1965).
[11] Article 50515 of the La.Code of Civil Procedure provides that "shall" is mandatory and "may" is permissive.
[12] 162 So.2d 86 (La.App.1964).