218 So.2d 316

**Robert L. MORRIS, III, and Reliance Insurance Company of Philadelphia**

**v.**

**Rudy KOSPELICH, Cooperative Cab Company, Inc., and Joseph McQueen, Jr.**

**No. 49141.**

Jan. 20, 1969.

Dudley A. Philips, Jr., New Orleans, for appellants.

Montgomery, Barnett, Brown & Read, Wood Brown III, New Orleans, for plaintiffs-appellants-respondents.

HAMLIN, Justice:

The question of law herein presented is res nova and because of its importance we directed certiorari to the Court of Appeal, Fourth Circuit, for review of its judgment which held that plaintiff, Robert L. Morris, III, as a joint tortfeasor, and his insurer, Reliance Insurance Company of Philadelphia, were entitled to recover in a separate or plenary lawsuit the plaintiffs' virile share of money expended as a result of a voluntary compromise between themselves and the injured party, Frederick Elliot,

without the knowledge, consent, or concurrence of the other joint tortfeasors, that is, Rudy Kospelich and the Cooperative Cab Company, Inc. Art. VII, Sec. 11, La. Const. of 1921; La.App., 206 So.2d 155; 251 La. 1078, 208 So.2d 535. The Court of Appeal affirmed in part and reversed in part the judgment of the trial court.[1]

Defendants-applicants contend that the Court of Appeal erred in its interpretation of LSA–C.C. Arts. 2103 and 2104 as they may apply to debts ex contractu and an action for damages arising ex delicto.

We have carefully reviewed the record and have thoroughly studied the findings of the Court of Appeal set forth in its opinion. The Court concluded: "We have carefully considered Article 2103, Article 2104, and the jurisprudence interpretive thereof both before and after the amendment of 1960, and we have reached the inevitable conclusion that if a joint tortfeasor discharges the debt through the medium of a compromise, he may request contribution from his fellow joint tortfeasor by an independent plenary action. If the joint tortfeasor requesting contribution proves that a tort was in fact committed, that the defendant was solidarily liable with him for the amount compromised, and that the amount paid was not in excess

---

1. We are concerned herein with only that portion of the Court of Appeal's judgment which reversed in part the judgment of the trial court. Defendants did not appeal to the Court of Appeal from that part of the trial court's judgment which was affirmed. The above question of law was answered negatively by the trial court.

of the damage inflicted, he may collect his pro rata share from the other joint tortfeasor by virtue of a separate suit." [2] We conclude that the Court of Appeal correctly and clearly treated all issues of this case, and that there is no need for repetition. It correctly answered the question of law presented, supra. We adopt the opinion of the Court of Appeal, Fourth Circuit, reported at 206 So.2d 155, as the opinion of this Court.

For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, is affirmed. The costs of this Court to be borne by applicants.

FOURNET, C. J., dissents, being of the opinion the judgment of the trial judge should be affirmed.

McCALEB and SUMMERS, JJ., concur in the decree.

BARHAM, J., concurs.

2. "When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
"A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued

by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff." LSA–C.C. Art. 2103.
"If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each.
"If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent codebtors and him who has made the payment." LSA–C.C. Art. 2104. See, 43 Tul.L.Rev. 153.