**CERTAIN UNDERWRITERS AT LLOYD'S, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 74–1613.

United States Court of Appeals, Fifth Circuit.

April 14, 1975.

Harold A. Thomas, Henry B. Also-brook, Jr., New Orleans, La., for plaintiff-appellant.

Gerald J. Gallinghouse, U. S. Atty., Michaelle Pitard, James D. Carriere, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for defendant-appellee.

Before TUTTLE, RONEY and GEE, Circuit Judges.

RONEY, Circuit Judge:

Certain Underwriters at Lloyd's brought suit against the United States for contribution as a joint tortfeasor to the amount paid in settlement of a medical malpractice suit. The district court granted summary judgment in the United States' favor. A military serviceman had previously sued the surgeon and nurses of the United States Public Health Service for negligence during an operation in a United States hospital in Louisiana. That suit was dismissed on the ground that the Federal Tort Claims Act does not permit such claims by servicemen against United States medical personnel for injuries received incident to military service. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The serviceman also had brought a direct action against Lloyd's as malpractice insurer of the operating surgeon, which suit was not dismissed by the court. Lloyd's seeks contribution to the $75,000 paid to the serviceman in settlement of that suit. Since the United States would be liable to Lloyd's under the Federal Tort Claims Act if it would be so liable under the law of the state where the tort occurred, the question is whether Louisiana law permits a claim of contribution under these circumstances. We agree with the district court that the serviceman exception under the Tort Claims Act in counterpoint with the Louisiana law of contribution among tortfeasors prevents recovery. We affirm the judgment of dismissal of the insurer's claim.

A sponge was left inside Clarence Pritchett, a lieutenant colonel in the United States Marine Corps, after an operation in a United States Public Health Service Hospital in Louisiana. Care and hospitalization was being provided incident to Colonel Pritchett's military service with the United States.

In a malpractice action brought prior to the instant suit, Colonel Pritchett sued the medical personnel involved, including the attending surgeon and the hospital's nurses who assisted with the operation. Certain Underwriters at Lloyd's, the surgeon's medical malpractice insurer, was joined as a defendant under Louisiana's direct action statute. LSA–R.S. 22:655. The court dismissed the action as to all Public Health Service employees under the Feres doctrine. There is no dispute that the medical services were received by the serviceman as an incident to his military duty and that Feres barred the claim against the United States medical personnel. The court held, however, that the Feres defense was personal to the United States and its employees and did not bar the direct action claim against Lloyd's as the surgeon's malpractice insurer. Lloyd's then settled the lawsuit for $75,-

000.00 without litigating to finality its legal liability.

The present suit was thereafter filed by Lloyd's in Louisiana state court against the nurses claiming contribution of $37,500 from them as joint tortfeasors with the doctor. The United States removed the case to federal district court which then granted the United States' motion to substitute itself as proper party defendant for the nurses. 42 U.S.C.A. § 233(c). The United States then moved for summary judgment. The district court granted the motion on the ground that the United States was not liable to the original plaintiff and therefore could not be liable under Louisiana law as a joint tortfeasor. The sole question on this appeal is whether Lloyd's has a right to contribution under these circumstances.

█ It is clear that the United States can be sued for contribution as a joint tortfeasor through the provisions of the Tort Claims Act, if a right of contribution exists under state law. 28 U.S. C.A. § 1346(b), § 2674; United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951); United States Lines, Inc. v. United States, 470 F.2d 487 (5th Cir. 1972). The act was only meant to confer a procedural remedy, however, and did not create a substantive cause of action. Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); Van Sickel v. United States, 285 F.2d 87 (9th Cir. 1960); Lloyd's London v. Blair, 262 F.2d 211 (10th Cir. 1958). Therefore, the controlling question is whether the substantive law of Louisiana permits contribution recovery from the United States under the facts of this case.

█ The Louisiana Supreme Court has held that a joint tortfeasor who enters into a compromise settlement with a claimant may obtain contribution from his fellow joint tortfeasor in an independent plenary action. Morris v. Kospelich, 253 La. 413, 218 So.2d 316 (1969), aff'g, 206 So.2d 135 (La.App. 1968). If he proves a tort for which the defendant joint tortfeasor was solidarily liable with him for the amount compensated, he may collect his pro rata share from the defendant joint tortfeasor. The decision was based on LSA–Civ.Code art. 2103 which provides:

> When two or more debtors are liable in solido . . . [the obligation] should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.

The meaning of the term "in solido," as used in the above statute, is found in Article 2091 of the Civil Code:

> There is an obligation *in solido* on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them exonerates the others toward the creditor.

The basis of Lloyd's claim of contribution is that under LSA–Civ.Code art. 2324 one who assists another person in an unlawful act is answerable in solido with that person for the damages caused by such act. Lloyd's claim that Public Health Service nurses assisted in the alleged medical negligence, and therefore were liable in solido with the surgeon for the damages caused to Colonel Pritchett. The essence of Louisiana contribution law is that the tortfeasors among whom contribution is required must each be substantively liable in their own right for the damages caused by the tort.

The Louisiana Supreme Court has held, however, that as long as a substantive cause of action exists between the injured party and both joint tortfeasors, contribution will be granted despite a statutory immunity from suit as between the injured party and one of the joint tortfeasors. Smith v. Southern Farm Bureau Casualty Insurance Co., 247 La. 695, 174 So.2d 122 (1965). The plaintiff in the *Smith* case was injured in an automobile collision caused by the negligence of her husband and a third-party. The third-party's insurer, sued in a direct action by the wife, filed a third-party claim for contribution against the husband who had not been made a party

to the suit. The husband defended the third-party demand on the ground that Louisiana law grants a husband immunity from suit by his wife. Article 2315 of the Civil Code of Louisiana creates a *cause of action* in favor of an injured party against those whose fault causes the injury. Since both the husband and the third-party negligently caused Mrs. Smith's injuries, a cause of action arose in her favor against both her husband and the third-party. Under Civil Code Article 2324, the husband was a true tortfeasor along with the third-party since he assisted in the commission of the tortious activity. The right to contribution among tortfeasors was given not to the wife, but to the third-party. The Louisiana court held that the incapacity of the wife to sue, which was purely procedural and not substantive, could not be extended to protect the husband against the contribution claim.

The *Feres* doctrine must therefore be examined to determine whether it presents a procedural bar to a cause of action that would otherwise exist, or is based on the absence of substantive liability for the tortious injury.

The Federal Tort Claims Act declares that the United States shall be liable, subject to enumerated exceptions, for injury or damage caused by negligence or wrongful act or omission of any employee of the Government, while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act occurred. 28 U.S.C.A. §§ 1346(b), 2674, 2680. Early in the history of the Act the Supreme Court was faced with the question of its applicability to the claims of servicemen who were injured while in the service of the United States government. In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Court considered the issue in three cases, two of which were medical malpractice suits by servicemen for alleged negligence of Army surgeons. The

common fact underlying the three cases was that each claimant, while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces. The only issue of law raised was "whether the Tort Claims Act extends its remedy to one sustaining 'incident to the service' what under other circumstances would be an actionable wrong." 340 U.S. at 138, 71 S.Ct. at 155.

The Court held the Act did not create new causes of action but merely accepted liability under circumstances that would bring private liability into existence. The Court then found no liability of a private individual even remotely analogous to that asserted against the United States by the servicemen, since no American law ever had permitted a soldier to recover for negligence against either his superior officers or the Government. It further could find no state law which permitted members of the militia to maintain tort actions for injuries in the service. Focusing on the "law of the place where the act or omission occurred" language of the statute, 28 U.S.C.A. § 1346(b), which governs consequent liability, the Court noted that the relationship between the Government and members of the armed services is "distinctively federal in character" and succinctly stated that "[n]o federal law recognizes a recovery such as claimants seek." 340 U.S. at 144, 71 S.Ct. at 158. The effect of the Tort Claims Act was only "to waive immunity from recognized causes of action and was not to visit the Government with novel and unprecedented liabilities." 340 U.S. at 142, 71 S.Ct. at 157. In summary, the Supreme Court concluded:

. . . that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service. Without exception, the relationship of military personnel to the Government has been governed exclusively by federal law. We do not think that Congress, in drafting this Act, created a

new cause of action dependent on local law for service-connected injuries or death due to negligence. 340 U.S. at 146, 71 S.Ct. at 159.

Although the three cases in *Feres* involved servicemen injured due to the negligence of others in the armed services, the doctrine has been applied to the claims of servicemen for negligence of medical personnel in United States Public Service Hospitals. *See* Bankston v. United States, 480 F.2d 495 (5th Cir. 1973); *cf.* Alexander v. United States, 500 F.2d 1 (8th Cir. 1974). *See also* Lee v. United States, 400 F.2d 558 (9th Cir. 1968), cert. denied, 393 U.S. 1053, 89 S.Ct. 691, 21 L.Ed.2d 695 (1969).

In the context of Louisiana law, then, it is seen that there is no substantive cause of action between a serviceman and the United States for tortious injuries received incident to military service. Under these circumstances, the United States cannot be considered liable in solido with Lloyd's when it is not substantively liable in its own right. Thus, no right of contribution exists under Louisiana law against the United States for injuries to Colonel Pritchett.

Lloyd's heavy reliance on the Louisiana Supreme Court's rationale in Smith v. Southern Farm Bureau Casualty Co., 247 La. 695, 174 So.2d 122 (1965), erroneously assumes that the *Feres* doctrine merely deprives a serviceman of a right to bring an action against the United States. *Feres,* however, was based on the rationale that there is no cause of action by a serviceman against the Government for service-connected injuries. Thus, the *Smith* decision is not applicable to this case.

Lloyd's also relies on the opinions in Wellington Transportation Co. v. United States, 481 F.2d 108 (6th Cir. 1973), and Barr v. Brezina Construction Co., 464 F.2d 1141 (10th Cir. 1972), cert. denied, 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256 (1973). We are in agreement with the expression in those opinions that *Feres* itself does not bar a third party suit against the United States for indemnity. It is difficult, however, to ascertain whether the ultimate decision in each of the cases is contrary to our holding. The *Wellington* case was remanded for a determination of whether the third-party had an indemnifiable claim against the United States under admiralty law. *Barr* held that Utah law barred third-party recovery on the indemnity claim against the United States. In any event, the cases do not control the disposition of this case. If there is any conflict between these Circuits and the Eighth Circuit, which has reached under Arkansas law in Maddux v. Cox, 382 F.2d 119 (8th Cir. 1967), the same conclusion that we have reached under Louisiana law, we align ourselves with the latter.

Our decision is analogous to Louisiana case law which holds that a workmen's compensation employer cannot be considered a joint tortfeasor subject to contribution, since the employer cannot be sued in tort by the employee. Gifford v. Aurand Manufacturing Co., 207 So.2d 160 (La.App.1968); McLaughlin v. Braswell, 207 So.2d 158 (La.App.1968); Gros v. Steen Production Service, Inc., 197 So.2d 356 (La.App.1967); Sanderson v. Binnings Construction Co., 172 So.2d 721 (La.App.1965). One of the rationales for the *Feres* doctrine is the availability of a uniform system of compensation to the injured serviceman, a system whose "recoveries compare extremely favorably with those provided by most workmen's compensation statutes," 340 U.S. at 145, 71 S.Ct. at 159. Partially because the United States has a simple, certain, and uniform compensation system for servicemen injured incident to service, *Feres* held that these servicemen could not sue the United States for these injuries.

Affirmed.