Joseph BERNITSKY, Albert Bernitsky, Vincent Bernitsky and George Stenulis

v.

UNITED STATES of America.

Civ. A. No. 76–841.

United States District Court,
E. D. Pennsylvania.

Jan. 11, 1979.

Thomas Rutter, Mitchell S. Pinsly, Philadelphia, Pa., for plaintiffs.

Bruce A. Menk and James P. Klapps, U. S. Dept. of Justice, Civil Division, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiffs are the owners and operators of a small independent coal mine located in Schuylkill County, Pennsylvania. They seek damages under the Federal Tort Claims Act (FTCA), alleging that defendant, through its duly authorized agents, representatives, servants and employees, did close plaintiffs' mine on February 13, 1974, and that in or about April of that year, as a proximate cause of said closure, plaintiffs' mine collapsed, destroying mining tools and equipment and rendering impossible the extraction of 112,000 tons of coal.

The Government moves to dismiss and/or for summary judgment, alleging, inter alia, that this action cannot be maintained because there exists no actionable tort duty upon which the liability of the United States can be predicated.

Regarding this contention, it is well settled that the FTCA does not itself give rise to a cause of action. It is merely a limited waiver of immunity with reference to ascertainable tort claims.

The statute, 28 U.S.C. § 1346(b), reads, in pertinent part:

> "* * * (T)he District Courts * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

See also Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1952). The FTCA is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. United States v. Orleans, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). The act only confers a procedural remedy, and does not create a substantive cause of action. Dalehite v. United States, supra., Certain Underwriters at Lloyd's v. United States, 511 F.2d 159 (5th Cir. 1975).

Therefore, the Government can only be liable to plaintiffs in this case if a private individual would be liable in Pennsylvania under these circumstances. Thus, there must have been a breach of a duty, which duty must have been prescribed either by statute or by the common law.

Although the Government employees in question were acting pursuant to the

Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 801 *et seq.,* there is no indication that said Act was intended to create a private cause of action against the United States. The purpose of the Act is to protect the health and safety of miners, and to that end the Act provides for standards for safety and health, and enforcement procedures to ensure that such standards are met. Mine operators have remedies, including both administrative and judicial review, if they feel certain conduct by enforcement officials was improper at any point, but there is simply nothing in the Act indicating that a cause of action has been created on behalf of mine operators against the United States as a result of alleged misconduct by officials in conducting inspections or otherwise enforcing the provisions of the Act. Accordingly, we hold that the Coal Mine and Safety Act of 1969 does not create an independent cause of action in this case.

■ Additionally, there is nothing in the law of Pennsylvania indicating that a cause of action exists on behalf of coal mine operators for improper closure of coal mines under the provisions of the Coal Mine Health and Safety Act of 1969. See *Devlin Lumber and Supply Corp. v. United States,* 488 F.2d 88 (4th Cir. 1973), *Davis v. United States,* 395 F.Supp. 793 (D.Neb.1975), *affirmed per curiam,* 536 F.2d 758 (8th Cir. 1976). In *Blessing v. United States,* 447 F.Supp. 1160 (E.D.Pa.1978), Judge Becker held that under certain circumstances the United States could be liable to injured employees for an alleged improper inspection by Occupational Safety and Health Act inspectors, but grounded such considerations upon a finding that Pennsylvania recognizes the "good Samaritan" rule in which one who undertakes to render service for another is liable for negligent rendering of said services if the negligence causes injury. There is no equivalent Pennsylvania rule on which liability of the United States to coal mine operators can be grounded for damages allegedly resulting from improper closure or other enforcement activity under the Coal Mine Health and Safety Act of 1969.

Similarly, the common law does not recognize a cause of action under these circumstances. Federal case law has repeatedly held that federal inspection does not create a tort duty. See *Kirk v. United States,* 161 F.Supp. 722 (D.Idaho 1958), *affirmed,* 270 F.2d 110 (9th Cir. 1959); *Fisher v. United States,* 441 F.2d 1288, 1292 (3d Cir. 1971), and cases cited therein; *Chaneyfield v. City of New York, et al.,* 525 F.2d 1333 (2d Cir. 1975); *Zabala Clemente v. United States,* 567 F.2d 1140 (1st Cir. 1977); *Social Security Administration Baltimore Federal Credit Union v. United States,* 138 F.Supp. 639 (D.Md.1956); *Davis v. FDIC,* 369 F.Supp. 277 (D.Colo.1974); *In re Franklin National Bank Securities Litigation,* 445 F.Supp. 723 (E.D.N.Y.1978).

Furthermore, there is no Pennsylvania case law suggesting liability under these circumstances, and one case actually held that a governmental authority (a municipality) acting in its general capacity for the protection of the general public cannot be held liable for a mere failure to furnish adequate police protection to a particular individual to whom no special duty was owed. See *Romisher v. SEPTA,* 65 Pa.D. & C.2d 483 (1974).

■ In conclusion, this Court can find no basis for tort liability to be imposed against the United States for alleged improper closure pursuant to the Coal Mine Health and Safety Act of 1969. Accordingly, defendant's motion to dismiss will be granted. Therefore, we need not reach other contentions advanced by the Government in support of its motion for summary judgment.