**EMPLOYERS MUTUAL LIABILITY IN-SURANCE COMPANY OF WISCON-SIN, Plaintiff-Appellant.**

v.

**SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.**

No. 78–1655.

United States Court of Appeals, Fifth Circuit.

July 16, 1980.

Rehearing Denied Aug. 27, 1980.

Wood Brown, III, New Orleans, La., for plaintiff-appellant.

Chaffe, McCall, Phillips, Toler & Sarpy, Harry McCall, Jr., New Orleans, La., Michael A. Stiegel, Arthur L. Klein, Chicago, Ill., for defendant-appellee.

Before GEE, FAY, and VANCE, Circuit Judges.

PER CURIAM:

Employers Mutual Liability Insurance Company of Wisconsin (Employers Insurance) demands contribution or indemnity from Sears, Roebuck and Company. The district court granted summary judgment for Sears. We affirm.

I.

Employers Insurance issued a policy insuring Preway, Inc. for products liability. A vendor's endorsement extended coverage to Preway's wholesale customers. Preway manufactured a space heater. Sears sold it to the Britain family and installed it in their house. On April 23, 1970, the heater exploded, seriously 'njured two Britain family members, and destroyed their house by fire.

The Britains sued Preway, Sears and Employers Insurance, under Louisiana's direct action statute, on the basis of product defects and negligent installation. On February 9, 1971, Employers Insurance agreed to defend Sears under the Preway policy and vendor's endorsement subject to its terms and conditions. On March 27, 1974, the jury returned a general verdict of $2,273,-000 against the three defendants. Sears

demanded, apparently as the insured, that Employers Insurance settle within the policy limit. The insurance company settled and paid about $2,000,000. Employers Insurance did not reserve its rights against Sears or obtain a nonwaiver agreement from Sears.

Sears refused to pay any of the settlement amount. Employers Insurance initiated the present suit for contribution or indemnity and argues that Sears' negligence in installing the heater caused the explosion and excludes Sears from coverage. Its theory is grounded on the solidary liability of one tortfeasor, Sears, to a cotortfeasor, Preway, under Louisiana law. The district court concluded that the insurer waived its right to contribution or indemnity and granted summary judgment for Sears.

## II.

The vendor's endorsement clause of the insurance policy clearly applies to Sears. We need not determine whether the heater explosion came within the policy's exclusions, however, because Employers Insurance waived its defenses involving coverage and policy exceptions.

An insurer's settlement with a claimant, if entered voluntarily and with knowledge of facts indicating noncoverage, waives the insurer's defense of noncoverage of the insured tortfeasor unless the insurer otherwise protects its defenses. 16A J. Appleman, *Insurance Law and Practice* § 9366, at 826 (1968)[1]; *see* 4 *Couch Cyclopedia of Insurance Law* § 26:328, at 267-68 (2d ed. R. Anderson 1960). As this circuit held in *Pacific Indemnity Co. v. Acel Delivery Service, Inc.*, 485 F.2d 1169 (5th Cir. 1973), *cert. denied*, 415 U.S. 921, 94 S.Ct. 1422, 39 L.Ed.2d 476 (1974),

If an insurer assumes the insured's defense without obtaining a non-waiver agreement or a reservation of rights and

with knowledge of the facts indicating noncoverage, all policy defenses, including those of noncoverage, are waived, or the insurer may be estopped from raising them. . . . The theory underlying this exception is based upon the apparent conflict of interest that might arise when the insurer represents the insured in a lawsuit against the insured and simultaneously formulates its defense against the insured for noncoverage. For estoppel to prevent the assertion of a defense of noncoverage in accordance with this exception, there must be a showing of prejudice. . . . *See also* Hartford Acc. & Indem. Co. v. Swilley, 304 F.2d 213, 216 (5th Cir. 1962) . . . .. As to the application of waiver, the proponent must demonstrate a voluntary relinquishment of a known right.

*Id.* at 1173.[2] *See also Eason v. Weaver*, 557 F.2d 1202, 1206 (5th Cir. 1977); *Sparkman v. Highway Insurance Co.*, 266 F.Supp. 197, 201 (W.D.La.1967). In the present case, Employers Insurance entered the settlement voluntarily and with full knowledge of Sears' possible negligence that would fall within the vendor's endorsement exception. The insurer could have protected its noncoverage defense by reserving its rights, *e. g., Sparkman v. Highway Insurance Co.*, 266 F.Supp. at 201; 14 *Couch Cyclopedia of Insurance Law, supra*, § 49:817; by requiring a nonwaiver agreement, *e. g., Clemmons v. Zurich General Accident & Liability Insurance Co.*, 230 So.2d 887, 895 (La.App. 1969); 14 *Couch Cyclopedia of Insurance Law, supra*, §§ 49:907–08; or by bringing a declaratory judgment action, *e. g., C. E. Carnes & Co. v. Employers' Liability Assurance Corp.*, 101 F.2d 739, 741 (5th Cir. 1939) (under Louisiana law); 18 *Couch Cyclopedia of Insurance Law, supra*, §§ 74:145, 149, 150. Employers Insurance did not reserve or otherwise protect its rights in entering

---

1. Appleman states the rule as follows:

   The general doctrine has become established that a payment by the insurer with knowledge of the pertinent circumstances giving it a policy defense waives its right to rely thereon, or to recover the payment made by it.

*Id.* (footnote omitted).

2. *Accord, Tennessee Farmers Mut. Ins. Co. v. Wood*, 277 F.2d 21, 37 (6th Cir. 1960).

the settlement agreement. It consequently waived its defense of noncoverage.[3]

Employers Insurance's arguments do not avoid the waiver effect of its settlement. This case is not governed by the general rule, to which waiver by settlement is an exception, that "the doctrine of waiver cannot be applied to provide coverage where coverage does not exist under, or is excluded by, the policy contract." *Mason Drug Co. v. Harris*, 597 F.2d 886, 888 (5th Cir. 1979) (insurer did not enter settlement). *Accord, Pacific Indemnity Co. v. Acel Delivery Service, Inc.*, 485 F.2d at 1173; *Lemar Towing Co. v. Fireman's Fund Insurance Co.*, 352 F.Supp. 652, 657 (E.D.La.1972), *aff'd*, 471 F.2d 609 (5th Cir.), *cert. denied*, 414 U.S. 976, 94 S.Ct. 292, 38 L.Ed.2d 219 (1973) (dictum). Employers Insurance's claim is not controlled by the decisions arising from postsettlement conflict between two insurers in *American Motorists Insurance Co. v. American Employers' Insurance Co.*, 608 F.2d 624 (5th Cir. 1979), and in *National Surety Corp. v. Western Fire & Indemnity Co.*, 318 F.2d 379 (5th Cir. 1963), nor is it affected by the solidary liability of cotortfeasors under Louisiana law, *Morris v. Kospelich*, 253 La. 413, 206 So.2d 155, 157 (1968), *aff'd and adopted*, 253 La. 413, 218 So.2d 316 (1969).[4] *See also Certain Underwriters at Lloyd's v. United States*, 511 F.2d 159, 161 (5th Cir. 1975), *disapproved on other grounds, Stencel Aero Engineering Corp.*

*v. United States*, 431 U.S. 666, 669 n.6, 97 S.Ct. 2054, 2056, 52 L.Ed.2d 665 (1977). This is an action by the insurer against the insured tortfeasor rather than an action between two insurers[5] or an action by an insurer and its insured tortfeasor against the noninsured cotortfeasor. Sears as an insured demanded settlement, and Employers Insurance as the insurer settled. The parties neither demanded settlement nor settled as solidary obligors. The involvement of two tortfeasors, Sears and Preway, is irrelevant because both were insured by the same Employers Insurance policy. The waiver effect of Employers' settlement would be the same if only one tortfeasor, Sears, had both manufactured and sold the space heater.

Employers Insurance knowingly entered a settlement agreement without protecting its rights. It thereby waived its noncoverage defense against Sears. It cannot gain indemnity or contribution from Sears.

AFFIRMED.

3. That the case was settled during the appeal rather than before entry of the district court's judgment is irrelevant.

4. In *Morris*, an insurer and its insured tortfeasor settled the claim, then sued the cotortfeasor (not insured by the same company) for his pro rata share of the settlement amount. Under Louisiana law, one solidary obligor may settle the entire claim, then may obtain contribution from the co-obligor.

5. In the present case, the insurer settled the claim, then sought repayment from the insured tortfeasor, and that settlement without protection of the insurer's rights waived the defense of noncoverage. Cf. *Bandy v. Avondale Shipyards, Inc.*, 458 F.2d 900 (5th Cir. 1972) (the insurer settled the claim, but did not seek contribution from the insured tortfeasor; instead, that tortfeasor sued the insurer on its duty to defend). In *American Motorists Ins. Co.*, the three insurers settled the claim then two sought

contribution from the third, and that settlement did not prevent reconsideration of noncoverage in determining the insurers' varying shares of the settlement sum. It did, however, foreclose relitigation of noncoverage in determining their combined responsibility to fund the settlement and did not involve a demand for contribution or indemnity from their insured. In *National Surety Corp.*, the two insurers settled the claim then one sought to avoid liability on the basis of the insured's defense against the claimant, and that settlement foreclosed reconsideration of that defense in determining the insurers' combined liability to the settling claimant. The court in *National Surety Corp.* presupposed that the insurers must ultimately pay the settlement amount, and did not discuss whether they could obtain contribution from their insured. *See also Hanover Ins. Co. v. Travelers Ins. Co.*, 355 F.2d 552 (2d Cir. 1966).