Katherine DUNN et al.,
Plaintiffs-Appellants,

v.

SEARS, ROEBUCK & CO., et
al., Defendants,

Brasscraft Manufacturing Company, Inc.
and Home Insurance Company,
Defendants-Appellees.

No. 80–3539.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 21, 1981.

---

7.  613 F.2d at 1373.

Wendell H. Gauthier, Patrick J. McCabe, Kenner, La., for plaintiffs-appellants.

Joseph Keogh, Baton Rouge, La., for Brasscraft Mfg. & Home Ins. Co.

## ON RECONSIDERATION

(Opinion March 16, 1981, 5 Cir., 1981, 639 F.2d 1171).

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

■ In our original opinion in this Louisiana diversity case, we implied that the district court was in error when it both instructed the jury and propounded interrogatories to them concerning the possible liability of Amoco Oil Company, a defendant against whom the plaintiffs had compromised their claims and who was, therefore, no longer a party to the litigation. Sua sponte, we have reviewed this opinion and decided that the trial judge's actions were not in error and in fact were required by the Louisiana law on the liability of joint tortfeasors.

■ Several parties were named as defendants in this tort action, but only Amoco and its insurer and Brasscraft and its insurer remained in the litigation when, shortly before trial, the plaintiffs compromised their claims against Amoco. Their agreement is not in the record, but apparently, plaintiffs released Amoco from liability reserving their rights against Brasscraft. *See* La.Civil Code Art. 2203 (the conventional discharge of one solidarily bound obligor discharges all others unless the obligee-creditor's rights against them are expressly reserved). While Brasscraft had filed no demand against Amoco for contribution, had Amoco not been released, Brasscraft might, if cast in judgment, thereafter have sued Amoco for contribution in a separate action.[1]

---

1. *See Thomas v. W&W Clarklift, Inc.,* 375 So.2d 375, 378 (La.1979) (while La. Civil Code Art. 2103 *permits* assertion of the right to contribution by way of the filing of a third party demand by a defendant who claims that any liability on his part is shared by a co-tortfeasor, it does not *require* the assertion of the contribution claim at that time and a subsequent

■ Under Louisiana law if a plaintiff releases a joint tortfeasor, he deprives the remaining joint tortfeasor of his right to contribution against the one who has been released. *Harvey v. Travelers Insurance Co.*, 163 So.2d 915, 920–22 (La.App.1964). *See Wall v. American Employers Insurance Co.*, 386 So.2d 79, 82 (La.1980). Because the plaintiff has thus prejudiced the tortfeasor still liable to him, he suffers reduction of the damages recoverable from the remaining tortfeasor by the virile share that would have been due from the released tortfeasor. *Harvey v. Travelers Insurance Co.*, 163 So.2d at 921–22; *Brummerloh v. Firemen's Insurance Co.*, 377 So.2d 1301, 1313 (La.App. 1979). *See Wall v. American Employers Insurance Co.*, 386 So.2d at 82.

■ The remaining defendant's right to a proportionate reduction in the amount of damages recoverable does not depend on whether a contribution demand against the released defendant was made. The right to contribution is abrogated by the plaintiff's discharge of the released tortfeasor, which leaves the plaintiff no rights against the released defendant to which the remaining defendant may be subrogated. *Harvey v. Travelers Insurance Co.*, 163 So.2d at 922. However, the virile share reduction does depend on a finding that he and the released defendant are joint tortfeasors. *Id.*

Thus, had the jury found Brasscraft liable, it would have been necessary to establish whether Amoco was a joint tortfeasor with Brasscraft in order to determine whether the damages sustained by the plaintiffs should be reduced by Amoco's proportionate amount of liability. Therefore, the jury charges and interrogatories

regarding Amoco's liability were proper. Plaintiffs' release of Amoco left Brasscraft no rights against the released tortfeasor to which Brasscraft would otherwise be subrogated had it been held liable and had it paid plaintiffs the entire amount of damages they sustained. *Harvey v. Travelers Insurance Co.*, 163 So.2d at 921.

Having made this correction in our earlier opinion, our prior decision is AFFIRMED.

---

action seeking contribution may be brought) (dictum). *Cf. Morris v. Kospelich*, 206 So.2d 155 (La.App.1968), *aff'd and adopted*, 253 La. 413, 218 So.2d 316 (1969) (joint tortfeasor who compromises claim may seek contribution from fellow joint tortfeasor in separate action if he establishes that the defendant in the contribution action was solidarily liable with him as a joint tortfeasor and that the amount paid in settlement was not in excess of damages sustained); *Employers Mutual Liability Insurance Co. v. Sears, Roebuck and Co.*, 621 F.2d 746, 748 n.4 (5th Cir. 1980); *Certain Underwriters at Lloyd's v. United States*, 511 F.2d 159, 161

(5th Cir. 1975). *See* Fed.R.Civ.P. 13(g); *Augustin v. Mughal*, 521 F.2d 1215 (8th Cir. 1975). Under Fed.R.Civ.P. 13(g), cross claims are permissive rather than compulsory and a party to an action has the option to pursue it in an independent action. *See also* 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1431, at 164 (1971) (cross claims are always permissive and a party who decides not to bring his claim under Fed.R.Civ.P. 13(g) will not be barred by res judicata, waiver, or estoppel from asserting it in a later action); 3 Moore's Federal Practice ¶ 13.34[1], at 13–871 (2d ed. 1980).