82 F.3d 435
 40 Cont.Cas.Fed. (CCH) P 76,923
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SOUTHWEST CONSTRUCTION CORPORATION, Appellant,
v.
Togo D. West, Jr., SECRETARY OF THE ARMY, Appellee.
 No. 95-1118.
 United States Court of Appeals, Federal Circuit.
 March 28, 1996.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 SCHALL, Circuit Judge.
 
 DECISION
 
 1
 This case arises under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 (1994). Southwest Construction Corporation ("Southwest") appeals the August 24, 1994 decision of the Corps of Engineers Board of Contract Appeals ("Board") in Appeal of Southwest Construction Corp., ENGBCA No. 5286, 94-3 B.C.A. (CCH) p 27,120 (1994). In its decision, the Board denied the appeal of Southwest challenging the contracting officer's rejection of claims by Southwest and its subcontractor, Colaska Production Company ("Colaska"), under Southwest's contract with the Corps of Engineers ("Corps") for the construction of an earthen dam at Clayton Lake in Oklahoma. We affirm.
 
 DISCUSSION
 
 2
 Before the Board, Southwest and Colaska based their claims upon (i) alleged delay by the Corps in approving the Stephens Quarry and in resolving various issues relating to riprap and the soil material to be placed in the embankment for the dam and (ii) an alleged constructive change to the contract in connection with the testing of the filter material to be used in the embankment. The Board rejected these claims in an exhaustive opinion containing 221 separate findings of fact and a thorough legal analysis. We review the Board's decision under the standards set forth in 41 U.S.C. § 609(b).
 
 
 3
 Southwest contends first that the Corps "breached its obligation of cooperation and fair dealing with respect to the issues involving the riprap (Stephens Quarry Approval, Elongated Pieces, and Deteriorating Riprap) and the filter material issue." The problem with this argument is that it flies squarely in the face of numerous findings of fact by the Board, none of which are challenged by Southwest. See Jefferson Constr. Co. v. United States, 368 F.2d 247, 252 (Ct.Cl.1966) ("The unchallenged statements of fact of the Board are accepted as correct."). Southwest's first argument on appeal is without merit.
 
 
 4
 Next, Southwest claims that the Corps constructively changed the contract when it required testing of filter material after it had been placed in the embankment. This contention too is without merit. The contract contemplated "in-place" testing of material used in the construction of the embankment. Section 13.2.1 of the contract stated that "[d]uring construction, the embankment materials will be sampled and tested as often as deemed necessary by the contracting officer."
 
 
 5
 Finally, Southwest contends that the Board abused its discretion by allowing Ron Wing to testify as an expert witness for the Corps. During the period of the contract, Mr. Wing acted as Chief of the Claims Division in the Corps' Tulsa District, which had responsibility for the Clayton Lake Project. In that capacity, he issued rulings with respect to various claims made by Southwest and Colaska. At the hearing, when he no longer was a government employee, he testified as an expert witness with respect to delay and disruption issues. According to Southwest, Mr. Wing should not have been allowed to testify for the Corps because he "was clearly an interested party who had come to preconceived conclusions regarding Southwest's and Colaska's claims." Significantly, however, Southwest does not argue that Mr. Wing was not qualified in the areas with respect to which he testified or that the administrative judge in any way improperly limited the scope of counsel's cross-examination of Mr. Wing.
 
 
 6
 The administrative judge did not abuse his discretion in allowing Mr. Wing to testify as an expert witness for the Corps. See Dunn v. Sears, Roebuck & Co., 639 F.2d 1171, 1174 (5th Cir.) ("That a witness is an employee of a party does not preclude his qualification as an expert."), modified on other grounds, 645 F.2d 511 (5th Cir.1981); Megarry Bros., Inc. v. United States, 404 F.2d 479, 486-87 (8th Cir.1968) (the fact that an expert witness was an employee of a party "does not disqualify his testimony, but would merely be a factor to be taken into consideration ... in weighing the credibility of his testimony"). We have reviewed the cases that are cited by Southwest in support of its argument on this point and have concluded that they all are inapposite.
 
 
 7
 Each party shall bear its own costs.