PRICE, Judge.
Plaintiffs, Mr. and Mrs. Wyett Nichols, have appealed the judgment sustaining an exception of prematurity on behalf of American Bank and Trust Co. in the suit brought by plaintiffs against the bank and Walter T. Pipes to collect the credit portion of a sales contract allegedly guaranteed by the bank.
Prior to the execution of the agreements sued on, plaintiffs were the owners of the shares of stock of Nichols Roofing and Metal Works, Inc., located in Shreveport. On July 9, 1974, they signed a written agreement to sell Pipes all of the stock of the corporation. The agreement provided for Pipes to pay $50,000 as a down payment and for the balance of $300,000 to be paid in eighty-three monthly installments. The agreement to sell was conditioned on the credit balance being guaranteed by the bank. On July 12,1974, a formal act of sale and transfer of the stock was executed which adopted by reference all of the terms of the agreement to sell. On August 1, 1974, an instrument was executed by the bank, Nichols Roofing and Metal Works, Inc., and plaintiffs acknowledging that the bank had agreed to lend Pipes the necessary funds to purchase the Nichols stock and to guarantee the credit balance owed to plaintiffs by Pipes. The agreement provided that “. . . beginning August 15, 1974, and on the 15th of each month subsequent thereto, until the $300,000 is paid to Seller (plaintiffs), the payment due shall be deducted from the account of Borrower (Nichols Roofing and Metal Works, Inc.), and deposited by Lender (bank) to the account of Seller. In the event there are not sufficient funds in Borrower’s account to make the monthly payment, then Lender, as guarantor of the sales price to be paid to Seller, shall contribute the necessary amount to make the total monthly payment.” (parentheses added)
Plaintiffs filed suit in January 1977 against Pipes and the bank alleging that payments due for October, November, and December 1976 were not made and remained unpaid after formal demand on both parties.
The bank filed an exception of prematurity alleging it had been sued as a “surety” under the loan agreement, and since the agreement did not bind it in solido with the principal debtor, plaintiffs must exhaust their remedies against the primary'debtor, Pipes, before calling on it as a surety.
The trial court sustained the exception and dismissed the suit against the bank without prejudice for substantially the same reasons set forth in the allegations of the bank’s exception.
The sustaining of the exception is in error, and we reverse for the reasons assigned.
In so far as the issue of prematurity is concerned, it is immaterial whether the guaranty agreement of the bank is a primary or secondary obligation. A creditor can always join a surety with the principal debtor and obtain judgment against both. The law merely allows the surety who has retained the benefit of discussion to demand that execution of the judgment first be made against the property of the primary debtor. See C.C. Art. 3051 and C.C.P. 5151-5156.
The reasons for prematurity alleged in the bank’s pleading in the trial court are therefore without merit.
*1088 In brief and oral argument to this court the bank projects an additional basis for sustaining the exception of prematurity. It contends the guaranty provided by the subject agreement was conditional, and that plaintiffs have not alleged that the conditions precedent necessary to activate the obligation have occurred. The portion of the agreement relied on for this position is as follows:
3. In consideration of said advance to BORROWER by LENDER, and in further consideration of LENDER extending a line of credit to BORROWER and guaranteeing payment of the balance due SELLER in said stock transaction, BORROWER agrees as follows:
(a) To procure a permanent loan acceptable to BORROWER and LENDER in an amount not less than eighty thousand and no/100 ($80,000.00) dollars and escrow said funds with LENDER at an interest rate equal to the prevailing rate for certificates of deposit of like amounts, payable to BORROWER;
(b) to promptly pay to SELLER all installments on said $300,000.00 debt due SELLER as they come due, * * *
(c) to grant LENDER a real estate collateral mortgage on all real property owned by BORROWER to secure LENDER on advances made to BORROWER prior to procurement by BORROWER of said permanent loan;
(d) to grant LENDER a collateral chattel mortgage on all equipment and inventory owned by BORROWER;
(e) to grant LENDER a pledge of all outstanding shares of stock in BORROWER;
(f) to grant LENDER an assignment of accounts receivable due BORROWER, in accordance with L.S.A.-R.S. 9:3101.
We do not construe the requirements set forth to be met by the borrower under paragraph 3 above to create conditions precedent as to the obligation of guaranty flowing from the bank to plaintiffs. These requirements relate solely between the bank, the borrower, and its guarantors, Pipes and Joe G. Huffman. Therefore, these conditions have no effect on plaintiffs’ right to proceed against the bank in this action.
The judgment sustaining the exception of prematurity is reversed, and this suit is remanded to the district court for further proceedings consistent with the views expressed herein and in accord with law.
Costs of this appeal are assessed to appel-lee. All other costs are to await final determination of this cause.