365 So.2d 913 (1978)
John THOMAS
v.
W & W CLARKLIFT, INC. and Reliance Insurance Company.
No. 9605.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1978.
Rehearing Denied January 16, 1979.
Writ Granted March 5, 1979.
*914 Montgomery, Barnett, Brown & Read, Harold B. Carter, Jr., Thomas E. Loehn, New Orleans, for defendants-appellants.
Coleman, Dutrey, Thomson, Meyer & Jurisich, Jack W. Thomson, Jr., New Orleans, for third party defendants-appellees-cross appellants.
Before REDMANN, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
This matter is before the court on appeal by W & W Clarklift, Inc. and its insurer, Reliance Insurance Company, from a judgment *915 dismissing their third-party demand against John Leckert, Sr., John Leckert, Jr., Joseph Blackburn and Frank Burns, hereinafter referred to as Leckert. For an understanding of the issues the chronology of the case must be clearly set forth.
Plaintiff brought his suit against Clarklift and Reliance for damages growing out of an accident which occurred on September 18, 1974 while he was an employee and on the premises of Dennis Sheen Transfer Company. In his petition he alleged that he was injured when the counterweight of a forklift machine, sold as a used forklift by Clarklift to Dennis Sheen on August 30, 1974, fell on him, and that the said forklift had been repaired and overhauled by Clarklift. He alleged that bolts which secured the counterweight to the forklift were missing from the forklift, and he charged Clarklift with negligence and breach of its warranty to Dennis Sheen.
Plaintiff originally filed his suit in Jefferson Parish on August 20, 1975, and Clarklift answered that suit on October 20. No third-party demand was ever filed in those proceedings. On June 17, 1977, the present suit was filed in New Orleans and on July 26 Clarklift and Reliance filed their answer. On January 24, 1978, Clarklift and Reliance filed third-party demands against Leckert, alleging that they were officers and supervisory personnel of Dennis Sheen and were negligent in failing to discover the unsafe condition of the forklift, breaching their duty to inspect the job site and equipment used by Sheen's employees. Clarklift and Reliance sought indemnity or contribution against Leckert.
Leckert filed exceptions of no right or cause of action, an exception of prescription of one year based on LSA-C.C. Art. 3536, an exception of prescription of 90 days, based on C.C.P. Art. 1067. In the judgment which is now on appeal, the trial court maintained the exception of no right of action with respect to the claim for indemnification but overruled the exception of no right of action for contribution. He overruled the exception of prescription of one year but maintained the exception of prescription of 90 days, and accordingly dismissed the third-party demand.
Leckert has answered Clarklift's appeal, reurging its exceptions of no cause of action and of prescription of one year.
Clarklift and Reliance have moved to dismiss Leckert's answer to the appeal, contending that the issues they raised in their answer were not final but interlocutory, and thereby not appealable under C.C.P. Art. 2083. They rely on established jurisprudence to the effect that an appeal does not lie from a judgment which overrules an exception, so that an answer to an appeal which is tantamount to an appeal from a judgment overruling exceptions is likewise not properly before the appellate court.
The judgment appealed from expressly maintained the exception of no right of action as to the claim for indemnification. This left to the court for disposition the claim for contribution. The judgment finally dismissed the third-party demand in its entirety. The trial judge included in the judgment what we consider to be his reason for dismissing the demand for contribution, to wit, the 90 day limitation prescribed by C.C.P. Art. 1067. In effect, we have concluded that his judgment of dismissal of the third-party demand was correct but he was in error in assigning C.C.P. Art. 1067 as his reason, but should have dismissed the suit because of the one year prescription of C.C. Art. 3536. By the same token we have concluded that the dismissal of the claim for indemnity was correct but the judge was in error for the reason he assigned as the maintenance of the exception of no right of action. He should have maintained the exception of no cause of action. We will first address the issue of contribution.
Art. 1067 as amended by Act 86 of 1974 provides as follows:
"When prescribed incidental or third party demand is not barred.
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within *916 ninety days from service of process of the third party demand."
Clarklift and Reliance contend that this article has no application to third-party demands but is limited to reconventional demands, but we are unable to agree with this argument considering the legislative history of the article.
The article was added to the Code of Civil Procedure by Act 472 of 1970. In its original form, the article read as follows:
"Art. 1067. When prescribed reconvention is not barred.
A reconvention is not barred by prescription if it was not barred at the time the main demand was filed; provided such reconvention is filed within ninety days of date of service of main demand."
Thus, in its original form the article was limited in its application to reconventional demands, but when it was amended by Act 86 of 1974 the legislature made it clear that it applied not only to reconventional demands but also to any incidental demands, including third-party demands. The title to the act is as follows:
"To amend and reenact Article 1067 of the Louisiana Code of Civil Procedure relative to the filing of prescribed reconventional demands by providing time within which to file any incidental demands and third party demands after the filing of the main demand."
This expressed purpose for the act was further clarified in the title of Art. 1067, which reads:
"When prescribed incidental or third party demand is not barred."
The fact that this article remains in Section 2 of Chapter 6, which has to do with the reconventional demand is in no way persuasive. And it is explained by the fact that the article originally applied only to the reconventional demand but has now been expanded to include all incidental demands.[1]
To consider the application of the article the first inquiry to be made is whether or not the claim has prescribed. Under its plain wording it applies only to an incidental demand which has otherwise prescribed. For this reason we have concluded that the trial judge was in error when he concluded that the claim had not prescribed and therefore overruled the exception of prescription of one year and then proceeded to apply Article 1067's 90 day limitation. If the claim has not otherwise prescribed in the first place the article has no application whatsoever and if we were to agree with the trial judge that the claim did not prescribe we would reverse his judgment dismissing the third-party demand. But for the reasons to be discussed we have concluded that the third-party demand has prescribed and since the incidental demand was filed more than 90 days after the date of service of the main demand, the article does not save Clarklift and Reliance from having their third-party demand dismissed.
The liberative prescription of C.C. Art. 3536 ran in favor of Leckert one year after plaintiff's accident on September 18, 1974, unless prescription was interrupted by the filing of the first suit in Jefferson Parish on August 20, 1975. In this suit only Clarklift and "ABC Insurance Corporation" were named defendants, but only Clarklift was served with the citation and petition. If the alleged liability of Clarklift and Leckert was solidary the filing of the suit against Clarklift interrupted prescription against Leckert. C.C. Arts. 2090, 2097 and 3552.
In brief, the argument that Clarklift and Leckert were solidary obligars was based on the premise that they were joint tort feasors who, under C.C. Art. 2324, are solidarily liable to plaintiff. We have concluded that this argument misses the mark because it was not Clarklift but one or more of its employees who might conceivably be a joint tort feasor with Leckert.
Clarklift's alleged liability to plaintiff is the vicarious liability imposed on the master for the servant's tort under C.C. Art. 2320. In Cox v. Shreveport Packing Co., 213 La. *917 53, 34 So.2d 373 (1948), the court held that the employer is not liable in solido with the employee for a tort committed by the employee. In Caldwell v. Montgomery Ward & Company, Inc., 271 So.2d 363 (La.App. 2nd Cir. 1972), the court dismissed a suit against an employer where a settlement was made against the employee with plaintiff specifically reserving his rights to proceed against the employer. The court held:
"Under our Civil Code, Article 2315, the liability of a servant for damages to another caused through his negligence is primary. Conversely, the master's liability imposed by LSA-C.C. Art. 2320 in favor of third persons for the damages resulting from his servant's negligence, while engaged in the course and scope of his employment, rests solely on the principle of respondeat superior and, in all cases where the master himself is not at fault, is derivative or secondary. According to the jurisprudence, where the master's liability is purely secondary or vicarious, he is entitled to reimbursement from his servant, the one primarily responsible, in the event he is required to pay a third person damages resulting from the servant's negligence. They are not considered to be joint tortfeasors. Costa v. Yochim, 104 La. 170, 28 So. 992 (1900); Spurlock v. Boyce-Harvey Machinery, La.App., 90 So.2d 417 (1st Cir. 1956); Jobe v. Hodge, 253 La. 483, 218 So.2d 566 (1969); Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960)."
The action against Leckert sounds purely in tort. For the sake of discussion, let us concede that they were joint tort feasors with the employee(s) of Clarklift who failed to secure the counterweight properly. But since Clarklift is not solidarily liable with its employee who committed the tort it can hardly be said that it is solidarily liable with Leckert and the filing of the suit against Clarklift alone did not interrupt prescription against Leckert.
The parties devoted much attention in their arguments to the applicability of C.C. Art. 2103, which provides as follows:
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff."
Clarklift and Reliance argue that their claim has not prescribed because of the jurisprudence which has held that the third party demand permitted under the second paragraph of this article is optional with the filing of an independent suit for contribution after final judgment is obtained against it. See Morris v. Kospelich, 206 So.2d 155 (La.App. 4th Cir. 1968), affirmed, Supreme Court, 253 La. 413, 218 So.2d 316 (1969). But the right to contribution in any case is specifically limited in Art. 2103 to the situation where there is solidary liability. Since there is none between Leckert and Clarklift the article is inapplicable.
Having disposed of the claim for contribution, we return to the dismissal of the claim for indemnity which was brought by Clarklift and Reliance pursuant to C.C.P. Art. 1111, the first paragraph of which provides as follows:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand."
Leckert filed an exception of "no right or cause of action" to the claim. Although the trial judge specifically maintained the exception of no right of action and made no disposition of the exception of no cause of action we surmise that this may have been an inadvertence. In any event, we deem *918 the exception of no cause of action to be properly before us (see C.C.P. Art. 927) and will reach the same end result as the trial judge did although, perhaps, for a different reason.
The pleadings do not raise any question and we cannot conceive of any with respect to contractual indemnity in favor of Clarklift by Leckert, so that the only conceivable theory of indemnity is that of tort indemnity first applied in Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922) and discussed in Marquette Casualty Co. v. Brown, 235 La. 245, 103 So.2d 269 (1958) and Edward Levy Metals, Inc. v. New Orleans Pub. Belt R., 243 La. 860, 148 So.2d 580 (1963). The Appalachian doctrine permits indemnity by one who is only technically or constructively at fault against another whose alleged negligence was the primary cause of the injuries received by the plaintiff. In the instant case, Clarklift's liability is technical in the sense that it is only vicarious but it depends wholly upon the liability of its employee who failed to install the counterweight properly. As between that employee and Leckert it can hardly be said that the Clarklift employee's fault was only technical or constructive while that of Leckert was the primary cause of plaintiff's injuries. Under the pleadings the opposite is the case. The primary fault was on the Clarklift employee who failed to put in the bolts and Leckert breached no duty owed toward Clarklift or its employee. We have thus concluded that Clarklift has stated no cause of action against Leckert for indemnification.
Since Clarklift's and Reliance's claim for contribution against Leckert has prescribed and since they failed to state a cause of action for indemnity, the judgment dismissing the third-party demand is affirmed.
AFFIRMED.
GULOTTA, Judge, concurring.
I concur in this result.
NOTES
[1] For another example of confusion which can result from the placement of amendments in the Code of Civil Procedure, see Book VIII and particularly Art. 4833 B.