BOLIN, Judge.
The sole issue in this case is whether a third party demand, filed by defendant Louisiana Department of Transportation and Development against its co-defendants, has prescribed. The trial court held it had and dismissed the demand. The Department appeals and we reverse.
The case arises from an automobile accident which occurred on February 22, 1977. Plaintiff Evelyn Peters filed suit on February 10, 1978 naming the following as defendants: Sentry Insurance, A Mutual Company, Norma Newman, Union Wood Company, Inc., Hulon B. Simmons, Louisiana Department of Transportation and Development, and State Farm Mutual Automobile Insurance Company. The petition alleged joint negligence on the part of the defendants.
On March 10, 1978 Union Wood and Hu-lon B. Simmons answered plaintiff’s petition and filed a third party demand against Norma Newman, Sentry Insurance and the Department of Transportation, seeking indemnity or contribution. Norma Newton and Sentry also filed similar third party demands against the Department of Transportation, Union Wood and Simmons.
On August 8, 1978 the Department of Transportation answered plaintiff’s petition and added a third party demand for contribution against Hulon B. Simmons, Union Wood, Norma Newman and Sentry, each of whom filed an exception of prescription to this third party demand. The trial court sustained these exceptions, basing its decision on La.Code of Civil Procedure article 1067:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
The Department of Transportation contends this article was intended to protect prospective third parties who had no notice of the litigation and has no application where the third party demand is made by one co-defendant against another. We hold article 1067 is not applicable in this case for reasons hereinafter set forth.
Originally, article 1067 was enacted to permit the filing, under certain circumstances, of reconventional demands on which prescription had run. (See Acts, State of La.1970, V, II, No. 472, p. 1152). This article was amended in 1974 to include all incidental demands. The title to the amended article was re-enacted to read as follows: “When prescribed incidental or third party demand is not barred.” (Emphasis added)
We find article 1067 only applies to extend the prescriptive period to accommodate an incidental demand which has other *186 wise prescribed. Thomas v. W & W Clarklift, Inc., 365 So.2d 913 (La.App. 4th Cir. 1978), writ granted 368 So.2d 144 (La.1979); Blue Streak Enterprises, Inc. v. Gulf Coast Marine, Inc., 370 So.2d 633 (La.App. 4th Cir. 1979). Consequently, the first inquiry to be made is whether or not the claim has prescribed.
Since the Department’s third party demand was filed more than a year after the accident occurred, the claim had prescribed under Civil Code Article 3536 unless prescription was interrupted before the year accrued. Regarding interruption of prescription, La.R.S. 9:5801 states:
All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue . (Emphasis added)
Our Supreme Court has noted that the essence of interruption of prescription by suit is notice to the defendant of the legal proceedings based on the claim involved. Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973). In that case the court cited the following language from Flower v. O’Connor, 17 La. 213 (1841):
It is clear from this doctrine of Pothier, [8 Oeuvres de Pothier, Traite de la Prescription, Partie I, Chapitre II, No. 54 (1835)] that in order to determine the effect and extent of a legal interruption, we must enquire more particularly into the object and cause of the action, than into the right of the plaintiff . and endeavor to ascertain how far the knowledge of the titles on which the action is founded, has been brought home to the defendant by the judicial demand; and we do not hesitate to conclude that, if it be established that the defendant has been judicially notified of the titles which are the foundation of the demand for the whole of the property or of the debt, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by a suit, there results from said suit a legal interruption in favor of those to whom such rights may belong.
Bearing this principle in mind, we find that plaintiff’s filing of her principal demand interrupted prescription running against the third party demand for contribution filed by the Department against its co-defendants. Since all the defendants in the third party demand were also original defendants, they should certainly be aware of all legal rights and obligations flowing from the 1977 accident. Furthermore, a demand for contribution from a joint tort-feasor is merely a means of apportioning liability resulting from the accident and, as such, would certainly “affect” the cause of action sued upon. As the court emphasized in National Surety Corp. v. Standard Accident Insurance Co., 247 La. 905, 175 So.2d 263 (La.1965), R.S. 9:5801 recites that all prescriptions are interrupted against all defendants.
Having found the Department’s third party demand has not prescribed due to an interruption under R.S. 9:5801, C.C.P. article 1067 is not applicable and the demand was timely filed.
The judgment sustaining the exceptions of prescription is reversed; the exceptions are overruled and the case is remanded for further proceedings, all costs to await the final determination of the cause.