380 So.2d 669 (1980)
James KELLY and his wife, Josephine Kelly,
v.
LOUISIANA STADIUM AND EXPOSITION DISTRICT et al.
No. 10426.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1980.
William F. Grace, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for Superdome Services, Inc. and U. S. Fidelity & Guaranty Co.
Mary Ann McGrath Swaim, Rudolph R. Schoemann Law Offices, New Orleans, for ADF Services, Inc., a division of Premier Enterprises, Inc. and Western World Ins. Co., Inc.
*670 Before SAMUEL, REDMANN and SCHOTT, JJ.
REDMANN, Judge.
For personal injury to plaintiff wife allegedly caused in part by the negligence of an "usherette" in the Louisiana Superdome by her "failure to warn petitioner of the peril which she was not likely to see," plaintiffs sued, among others Superdome Services Inc. and its insurer (SSI), which third-partied ADF Services and its insurer. SSI alleged that ADF contracted to furnish to SSI various services and personnel, including ushers for the Superdome.
SSI now appeals from a summary judgment dismissing its third-party demand. The judgment was granted on ADF's motion relying on La.C.C.P. 1067[1] and on the fact that the third-party demand was filed seven months after service of the main demand.
We reverse. C.C.P. 1067 is not a prescription statute, fixing a 90-day limitation upon bringing incidental demands. To the contrary, it is an exemption statute, which during its 90-day period exempts any incidental demand from any applicable prescription statute whose prescriptive period would accrue during that 90-day period. Thomas v. W & W Clarklift, Inc., La.1979, 365 So.2d 913;[2]Blue Streak Ent. v. Gulf Coast Marine, La.App. 4th Cir. 1979, 370 So. 2d 633.
Reversed.
NOTES
[1] An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
[2] Thomas reversed the district court, which had maintained what we described as "an exception of prescription of 90 days, based on C.C.P. art. 1067." 365 So.2d 913, 915. We discussed C.C.P. 1067 and its history, disagreeing with the trial judge's view but agreeing for other reasons that the suit should be dismissed. The Supreme Court reversed, necessarily rejecting the reasoning of the trial judge on C.C.P. 1067.