411 So.2d 629 (1982)
Stanley GUIDRY
v.
Milton HOOGVLIETS
v.
STAN WEBER & ASSOCIATES, et al.
No. 12351.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
*630 Daniel E. Becnel, Jr., Reserve, for Milton Hoogvliets, defendant-appellant.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
BOUTALL, Judge.
This is an appeal from a judgment maintaining the peremptory exception of prescription of one year against a third party petition.
Stanley Guidry brought a suit for breach of contract against Milton Hoogvliets, seeking to recover as liquidated damages the sum of $4300.00 representing the deposit made by Hoogvliets in an agreement to purchase real estate from Guidry. Hoogvliets answered denying liability for breach of contract and filed a third party petition against the real estate agent handling the transaction, Stan Weber & Associates, Inc., and its employee, Lynn Schroeder. The third party defendants responded with the peremptory exception of prescription based upon the one year prescription of Civil Code Article 3536, contending that this is a simple action ex delicto and is untimely filed. When the matter came for hearing there was no appearance by the attorney for third party plaintiff, and after argument and reference to the pleadings and the contract of sale, the court rendered judgment maintaining the exception and noted the non-appearance of third party plaintiff.
The allegations of the third party petition are to the effect that Hoogvliets had entered into a contract to purchase a home from C. & F. Builders, Inc., conditioned upon a mortgage loan of $50,200.00. He felt that that loan was going to be rejected because he did not have sufficient income to pay such a large mortgage and became aware of a smaller house in the neighborhood for a lesser amount of money. Believing that he could obtain a loan for a lesser amount, he applied to Stan Weber and Associates, Inc., the agent for the sale of that house, owned by Guidry, and was advised by Lynn Schroeder, Weber's employee, that he could make an offer to purchase which would become effective only if the sale with the first house fell through. Unknown to him Schroeder actually submitted the offer on the second house and it was accepted. The petition alleges that Hoogvliets had to employ an attorney to represent him in this suit for breach of that contract and asks for judgment against Weber and Schroeder for attorney's fees and costs as well as the $4,300.00 claimed by Guidry.
The original suit is of course a suit on the contract to buy real estate and all of these parties are participants and signatory to the *631 contract. The record shows that the $4,300.00 deposit was comprised of $500.00 cash and a $3800.00 demand note, which had been held by Weber until after the judgment on the exception was rendered, at which time he deposited those items into the registry of the court by way of intervention. Hoogvliets' third party demand against Weber is allowable under both C.C.P. Article 1031 and C.C.P. Article 1111. By the terms of the contract, Weber is obliged to turn over the deposit to the party entitled to it. To this extent, the suit against him is governed solely by the provisions of the contract.
Beyond that issue the suit is one for indemnification. The contract provides for an award of attorney's fees and costs to any party who is entitled to assert his rights thereunder. All that the third party petition asks is attorney's fees, costs, and if judgment is rendered against Hoogvliets forfeiting the deposit, indemnification of that judgment by Weber to Hoogvliets. Appellees in their exception referred to the case Kearney v. Maloney, 296 So.2d 865 (La.App. 4th Cir. 1974) on limited rehearing. However, the facts in that case are readily distinguishable from the facts here. That case was based upon the fraudulent act of failing to disclose the true condition of the property. Our case is based upon the premise that a conditional offer was made and the condition does not appear as a portion of the written agreement. We do not discuss this in detail, because recovery of course is a matter for the merits. The situation in the present case is one of enforcement of the contract terms, and alternatively indemnity. Prescription does not begin to run on claims for indemnification until the party seeking same is itself cast in judgment. Blue Streak Enterprises, Inc., v. Gulf Coast Marine, Inc., et al., 370 So.2d 633 (La.App. 4th Cir. 1979) and the cases cited therein.
For the reasons assigned, the judgment appealed is reversed, and there is judgment in favor of third party plaintiff and against third party defendants dismissing their exception of prescription. Costs of these proceedings to await final outcome of the litigation.
REVERSED.