GARWOOD, Circuit Judge:
 

 Plaintiff-appellant Browning Seed, Inc. (Browning Seed) brought this Louisiana law diversity action against defendant-ap-pellee Johnnie Bayles to recover on a personal guaranty undertaken by Johnnie Bayles on behalf of Bayles Supply Company, Inc. (Bayles Supply). In a trial on facts stipulated to by the parties, the district court held that the applicable Louisiana statute of limitations barred Browning Seed's action. Accordingly, the district court entered judgment in favor of Johnnie Bayles. We affirm.
 

 Facts and Proceedings Below Bayles Supply is a distributor of garden products for use in residential and commercial gardening. In December 1979, Bayles Supply entered into a credit arrangement with Browning Seed, allowing it to purchase trade supplies from Browning Seed on open account. In connection with its extension of credit, Browning Seed required the personal guaranty of Johnnie Bayles, the president and sole shareholder of Bayles Supply. The terms of the guaranty extended by Mr. Bayles were set forth in a single paragraph on Bayles Supply’s application for credit. That paragraph, entitled “Guarantee,” provided:
 

 “In consideration of credit being extended to the above named person or firm, I personally guarantee all indebtedness hereunder. I further agree that this guarantee is an absolute, completed and continuing one and no notice of the indebtedness or any extension of credit already or hereafter contracted by or extended need be given. The terms may be rearranged. Upon notice that the account is past due, I will pay the amount due.”
 

 Pursuant to this credit arrangement, Bayles Supply purchased merchandise on open account from Browning Seed. In February 1980, Bayles Supply received an invoice from Browning Seed for $27,650. Payment was due within thirty days. More than forty-five days later, Bayles Supply paid the full amount by check dated April 20, 1980. Soon thereafter, on July 9, 1980,
 
 *1001
 
 Bayles Supply filed a voluntary petition for Chapter 11 bankruptcy.
 
 See
 
 11 U.S.C. § 301. In an adversary action ancillary to the bankruptcy proceedings, Bayles Supply, as debtor-in-possession, sued Browning Seed for return of the amount paid. The bankruptcy court on February 28, 1982, held that the invoice payment was a preferential transfer voidable under 11 U.S.C. § 547(b)
 
 [1]
 
 and, pursuant to that section, ordered Browning Seed to repay the sum to Bayles Supply.
 
 Johnnie Bayles Supply Co. v. Browning Seed, Inc.,
 
 No. 581-0102 (Bankr.W.D.La. Feb. 23, 1982). Nearly three years later, on December 26, 1984, Browning Seed finally satisfied the judgment by check to Bayles Supply.
 
 [2]
 

 Subsequently, on November 1, 1985, Browning Seed brought the present action against Johnnie Bayles. Browning Seed alleged that under the terms of the “Guarantee,” Johnnie Bayles was indebted to Browning Seed for the amount it had remitted to Bayles Supply, plus legal interest. Johnnie Bayles asserted in defense that Browning Seed’s suit was barred by the three-year limitations period provided for by article 3494 of the Louisiana Civil Code.
 
 [3]
 
 The parties agreed that no facts were known to be disputed and that the district court could decide the case on the basis of the record, including facts to which they had stipulated and briefs filed in support of their respective positions. Based on the facts as stipulated, the district court held that Louisiana’s three-year statute of limitations for debts on open accounts applied to Browning Seed’s suit on the guaranty; that the limitations period had commenced on February 23, 1982, the date the bankruptcy court ordered Browning Seed to return the sum paid by Bayles Supply; and, therefore, that Browning Seed’s suit was time barred. Browning Seed appeals that decision.
 

 Discussion
 

 Louisiana substantive law concededly governs this diversity action. The sole issue we address on this appeal is whether the district court correctly entered judgment in favor of Johnnie Bayles on the ground that the applicable Louisiana limitations period barred Browning Seed’s suit against him on the “Guarantee.”
 

 What other states call a contract of guaranty is roughly equivalent to a suretyship
 
 *1002
 
 agreement in Louisiana civil-law parlance.
 
 See, e.g., Bonura v. Christiana Bros. Poultry Co.,
 
 336 So.2d 881, 884 (La.App. 4th Cir.1976); R. Slovenko,
 
 Treatise on Creditors’ Rights under Louisiana Civil Law,
 
 at 6-7 (1968). Article 3035 of the Louisiana Civil Code defines suretyship as “an accessory promise by which a person binds himself for another already bound and agrees with the creditor to satisfy the obligation, if the debtor does not.” La.Civ. Code art. 3035. As such, rights and obligations of suretyship are secondary, or ac-cessorial, to those arising from the principal debt.
 
 Bonura,
 
 336 So.2d at 885.
 

 One of the consequences of the accessorial nature of a surety’s obligation under Louisiana law is that the limitations period that applies in a suit against a surety is normally the same as that which applies to suits against the principal debtor for payment of the underlying debt.
 
 Id.
 

 [4]
 

 Here the principal debt owed by Bayles Supply was a debt on an open account. Louisiana Civil Code article 3494 provides that suits on open accounts are subject to a three-year statute of limitations period (a three-year “liberative prescription” in civil-law terminology). As both parties acknowledge, Browning Seed’s suit against Johnnie Bayles, as guarantor of the debt owed it by Bayles Supply, was therefore governed by a three-year limitations period.
 

 The issue disputed on appeal is when this three-year period commenced. Browning Seed contends that the district court erred in holding that prescription began to run on the date of the bankruptcy court’s judgment. According to Browning Seed, until it satisfied the bankruptcy court’s order by paying the requisite sum back to Bayles Supply on December 26, 1984, it had no claim against either Bayles Supply or Johnnie Bayles for the amount of the debt. Browning Seed argues that its conclusion is mandated by the provision of the Bankruptcy Code that requires disallowance of a claim against the bankrupt debtor until the creditor has returned to the estate the amount voided as a preferential transfer.
 
 See
 
 11 U.S.C. § 502(d).
 
 [5]
 
 Browning Seed’s position is that this Bankruptcy Code provision should be interpreted to mean that the debt itself was reinstated only upon Browning Seed’s December 1984 payment. Under this theory, the “principal indebtedness” sued upon by Browning Seed in its present suit against Johnnie Bayles would not have arisen until December 1984, so that the November 1985 suit would be timely.
 

 Johnnie Bayles counters, in essence, that section 502(d) of the Bankruptcy Code is merely procedural. According to Mr. Bayles, section 502(d) dictates only that as a matter of bankruptcy law the creditor’s claim will be disallowed where acted on prior to repayment of a preferential transfer, even though as a matter of state law the debt is viable and could be sued upon were it not for the procedural bar imposed by the Bankruptcy Code. Under this approach, the debt owed by Bayles Supply would have been resurrected when the bankruptcy court voided Bayles Supply’s attempt to pay it, and Browning Seed’s suit against Johnnie Bayles nearly four years later would be time barred.
 

 Since no reported Louisiana case has addressed when prescription commences in such- a situation, we must predict what the Louisiana Supreme Court would hold if presented with this issue.
 
 See Erie R.R. v. Tompkins,
 
 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938);
 
 Louisiana AFL-CIO v. Lanier Business Products,
 
 797 F.2d 1364, 1366 (5th Cir.1986). In the absence of specific guidance from the Louisiana Supreme Court, our prediction of state law normally looks to: (1) the state’s general rule on the question; (2) lower state court decisions, state supreme court dicta, and state court decisions in analogous situ
 
 *1003
 
 ations; (3) the district court ruling in this case; (4) the rule in other states; and (5) other available legal sources, such as restatements, law review articles, and treatises.
 
 [6]
 

 See Jackson v. Johns-Manville Sales Corp.,
 
 781 F.2d 394, 397-98 (5th Cir.1986);
 
 Seafirst Commercial Corp. v. United States Fidelity & Guar. Co.,
 
 780 F.2d 1290, 1295 (5th Cir.1986).
 

 The general rule under Louisiana law is that prescription in an action on an open account begins to run “from the day payment is exigible.” La.Civ.Code art. 3495. The Civil Code “Comments” explain that this rule is based on the principle that prescription commences to run “from the day a cause of action arises and its judicial enforcement is possible.”
 
 Id.
 
 Comment (b) (citing 2 M. Planiol, Traite elementaire de droit civil 3 Pt. 2, at 358 (Louisiana State Law Institute trans. 1959)). Additionally, in the context of a suit against a surety, Louisiana courts have said that prescription does not begin to run “until the principle indebtedness sued on arises.”
 
 Bonura,
 
 336 So.2d at 885.
 

 As mentioned above, we were unable to find a Louisiana case that applied these principles to a situation, such as the one here, where a creditor sues a surety after the principal debtor’s attempted payment has been invalidated by a court judgment in a separate case. Of the kinds of cases to which Louisiana courts have applied these general prescription .rules, however, we think suits for indemnification present the closest analogy. In indemnity cases, the well-settled rule applied by Louisiana courts is that prescription begins to run on a claim for indemnification when “the party seeking same is itself cast in judgment.”
 
 Guidry v. Hoogvliets,
 
 411 So.2d 629, 631 (La.App. 4th Cir.1982);
 
 see also Brenham v. Southern Pacific Co.,
 
 328 F.Supp. 119 (W.D.La.1971),
 
 aff'd,
 
 469 F.2d 1095 (5th Cir.1972);
 
 Minyard v. Curtis Products, Inc.,
 
 251 La. 624, 205 So.2d 422 (1967);
 
 Edward Levy Metals, Inc. v. New Orleans Public Belt R.R.,
 
 243 La. 860, 148 So.2d 580 (1963);
 
 Blue Streak Enters., Inc. v. Gulf Coast Marine, Inc.,
 
 370 So.2d 633, 635 (La.App. 4th Cir.1979);
 
 Leblanc v. Big Jim’s, Inc.,
 
 252 So.2d 181, 183 (La.App. 3d Cir.1971).
 
 [7]
 
 Under this rule, the would-be indemnitee’s cause of action for indemnification is deemed to accrue as of the date judgment is entered against him making him liable to another. Prescription therefore starts running on the indemnification suit on that date, whether or not the party seeking indemnification has made payment in satisfaction of the judgment entered against him.
 

 Applying this rule by analogy to the present case leads us to predict that the Louisiana Supreme Court would hold that prescription commenced on Browning Seed’s suit against Johnnie Bayles when the bankruptcy court entered judgment against Browning Seed. As of that date, Browning Seed had an obligation to pay the amount of the judgment to Bayles Supply. Hence, as of that date, Browning Seed’s cause of action against Johnnie Bayles on
 
 *1004
 
 the guaranty may be deemed to have accrued, even though Browning Seed had not yet paid Bayles Supply. If the analogy to indemnification claims is applied, the date that Browning Seed paid Bayles Supply is irrelevant for purposes of prescription on Browning Seed’s claim against Johnnie Bayles as surety. Prescription would run from February 23, 1982, the date of the bankruptcy court’s judgment against Browning Seed. Thus, under this approach, the three-year prescriptive period would have expired before Browning Seed filed its complaint (on November 1,1985) in the present action. Hence, analogizing to the Louisiana rule for commencement of prescription on a claim for indemnification directs us to predict that the Louisiana Supreme Court would hold that Browning Seed’s suit against Johnnie Bayles was time barred.
 

 In this connection, we observe that there is no rule in Louisiana that the creditor must sue the principal debtor first, or that the surety cannot be sued unless the debtor is made a party.
 
 See
 
 Slovenko,
 
 Suretyship,
 
 39 Tul.L.Rev. 427, 449 (1965). As a “simple” surety, Johnnie Bayles merely has the right, in the event of a judgment against him, to require that execution of the judgment be deferred until the creditor attempts to make the principal debtor pay the debt, and the right, if sued alone, to have the principle debtor joined if he is subject to the court’s jurisdiction,
 
 see id.
 
 at 449-50;
 
 see also
 
 La.Civ.Code arts. 3045-3051; La.Code Civ.Proc. arts. 5151-5156;
 
 Nichols v. Pipes,
 
 353 So.2d 1086 (La.App. 2d Cir.1977). Bankruptcy law likewise permits a guarantor to be sued in state court while pending bankruptcy proceedings against the principal debtor preclude suit in state court against the debtor.
 
 See, e.g., In re Magnus Harmonica Corp.,
 
 233 F.2d 803 (3d Cir.1956);
 
 see also
 
 2
 
 Collier on
 

 Bankruptcy
 
 ¶ 362.04, at 362-29 (1986). Therefore, although bankruptcy law may have precluded Browning Seed from procuring an allowance of its claim against Bayles Supply, neither Louisiana law nor bankruptcy law prevented Browning Seed from suing Johnnie Bayles under the guaranty agreement once the bankruptcy court’s February 1982 judgment resurrected the principal debt.
 
 [8]
 

 Further, our consideration is influenced by the district court’s determination that Browning Seed’s cause of action against Johnnie Bayles under Louisiana suretyship law,
 
 see
 
 La.Civ.Code arts. 3035-3063, accrued when Bayles Supply’s debt to Browning Seed was revived on February 23,1982, by virtue of the bankruptcy court judgment against Browning Seed, and that prescription therefore began running on Browning Seed’s suit on that date. The well-settled rule in this Circuit is that on review we accord significant weight to a federal district court’s determination of the law of the state in which it sits.
 
 Armstrong v. Farm Equip. Co.,
 
 742 F.2d 883, 886 (5th Cir.1984);
 
 see also Lanier Business Prods.,
 
 797 F.2d at 1368;
 
 Aeree v. Shell Oil Co.,
 
 721 F.2d 524, 525 (5th Cir.1983);
 
 Smith v. Mobil Corp.,
 
 719 F.2d 1313, 1317 (5th Cir.1983).
 

 Finally, we think there are practical considerations favoring an interpretation of Louisiana prescription law that inures to the benefit of Johnnie Bayles, as surety, over that of Browning Seed. It seems unwise to allow a creditor unilaterally to prolong his right of action against a surety by failing to comply with a valid judgment entered against him.
 

 Conclusion
 

 The state law prescription issue presented in this case is not clearly resolved by Louisiana’s Civil Code or case law. The
 
 *1005
 
 parties’ opposing constructions both have some persuasive force. Based on the somewhat analogous situation presented by Louisiana indemnity cases, and giving due consideration to the analysis of the district court well-versed in Louisiana law, however, our best judgment is that the Louisiana Supreme Court would conclude that Browning Seed’s action was time barred. Accordingly, we affirm the judgment of the district court in favor of Johnnie Bayles.
 

 AFFIRMED.
 

 [1]
 

 . Section 547 of the Bankruptcy Code allows the debtor-in-possession or trustee to recover certain transfers made by the debtor to a creditor within the ninety-day period prior to bankruptcy.
 
 See
 
 11 U.S.C. § 547,
 
 as amended by
 
 Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, Title III, §§ 310, 462, July 10, 1984, 98 Stat. 355, 378. At the time of the bankruptcy court’s decision, such transfers included payment of debts incurred in the ordinary course of business, if the debts were paid more than forty-five days after they were incurred and within ninety days prior to the filing of the debtor’s petition for bankruptcy.
 
 See id.
 
 § 547(b)(4) and (c),
 
 amended by
 
 Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, July 10, 1984, 98 Stat. 355, 378.
 

 [2]
 

 . Browning Seed satisfied the judgment by a check in the amount of $37,027.38, which covered the $27,650 judgment, plus legal interest and a service fee. The district court in the instant case noted that Browning Seed had apparently satisfied the judgment following an unsuccessful appeal from the bankruptcy court’s order.
 
 See Browning Seed, Inc. v. Bayles,
 
 Civ. No. 85-3144 (W.D.La. Sept. 29, 1986). An affidavit by one of the attorneys representing Johnnie Bayles, which Mr. Bayles filed with the district court, stated that Browning Seed issued the $37,027.38 check only after Bayles Supply had begun legal proceedings to execute on the bankruptcy court's judgment.
 

 [3]
 

 . As an alternative defense, Johnnie Bayles also contended at trial, and contends before this Court, thát any liability he had under the guaranty was extinguished prior to Browning Seed’s suit, by virtue of the operation of Louisiana Civil Code article 3062. This article provides that "[t]he voluntary acceptance on the part of the creditor of an immovable or any other property in payment of the principal debt, is a full discharge of the surety, even in case the creditor should be afterwards evicted from the property so accepted.” According to Mr. Bayles, article 3062 dictates that his obligation under the guaranty was discharged when Bayles Supply paid the Browning Seed invoice oh April 20, 1980, notwithstanding the fact that Browning Seed was later "evicted” of the sum by the bankruptcy court’s February 23, 1982, judgment. Since the district court decided that Browning Seed’s suit was time barred, it did not address this contention by Johnnie Bayles. Because we likewise hold that the applicable Louisiana statute of limitations expired before Browning Seed filed suit, we too need not reach the issue.
 

 [4]
 

 . The Louisiana appellate court in
 
 Bonura
 
 applied the three-year limitations period applicable to suits on open accounts to a suit against a surety for recovery of the amount owed by the principal debtor.
 
 Bonura,
 
 336 So.2d at 884-85.
 

 [5]
 

 . In pertinent part, 11 U.S.C. § 502(d) states that “the [bankruptcy] court shall disallow any claim of any entity ... that is a transferee of a transfer avoidable under ... [section] 547 ... of this title, unless such ... transferee has paid the amount ... for which such ... transferee is liable...."
 

 [6]
 

 . Since we found no reported opinion from any court, either state, federal, or bankruptcy, that addressed when a statute-of-limitations period commenced on a suit against a guarantor where the underlying debt had been paid, but was later voided as a preferential transfer, we were unable to look to a rule in other states for guidance.
 

 [7]
 

 . In
 
 Minyard,
 
 for example, a subcontractor sought indemnification from a manufacturer of a defective caulking compound.
 
 See Minyard,
 
 205 So.2d at 426. The subcontractor had been hired by a general contractor (Pittman) to do the caulking on a housing construction project. When the caulking turned out to be faulty, the general contractor sued the subcontractor for breach of contract. Judgment was rendered against the subcontractor in that case.
 
 See Pittman Const. Co. v. Housing Auth. of New Orleans,
 
 169 So.2d 122 (La.App. 4th Cir.1964) (affirming judgment against subcontractor when he appealed). Even though the subcontractor did not make payment to the general contractor in satisfaction of that judgment until 1965, the court in
 
 Minyard
 
 held that prescription on the subcontractor’s claim for indemnification had commenced in 1960, when the general contractor first "obtained judgment over against" the subcontractor.
 
 See Minyard,
 
 205 So.2d at 426, 433. Hence, as
 
 Minyard
 
 demonstrates, in the indemnification context Louisiana law is that an in-demnitee’s cause of action accrues (and prescription starts running) when the indemnitee becomes obligated, by virtue of a judgment being entered against him, to pay the sum for which he seeks to be indemnified — even though he has not paid that sum to the judgment creditor.
 

 [8]
 

 . Since Browning Seed has not contended either to the district court or to this Court that the limitations period should have been tolled by reason of the apparent appeal of the February 23, 1982, judgment, we need not decide that issue. If there were an appeal, it nevertheless appears undisputed that the judgment was in all things affirmed.
 
 Minyard
 
 indicates that in this instance the date of the lower court judgment is dispositive (see note 7, supra);
 
 see abo Consolidated Loans, Inc. v. Guercio,
 
 356 So.2d 441 (La.App. 1st Cir.1977);
 
 Bailey v. Loubiana & Northwest Rail Co.,
 
 105 So. 626 (1925). We also note that there is no claim that any appeal was suspensive. Further, the party claiming tolling has the burden of proof.
 
 See, e.g., McEachern
 
 v.
 
 Raborn,
 
 393 So.2d 231, 232 (La.App. 1st Cir.1980);
 
 Yarbrough
 
 v.
 
 Loubiana Cement Co.,
 
 370 So.2d 602, 603 (La.App. 4th Cir.1979).