In re TULANE HOTEL INVESTORS LTD. PARTNERSHIP, Debtor (Chapter 7).

Wendy Early PARENT, et al., Plaintiffs/Appellants,

v.

FIRST FINANCIAL BANK, F.S.B., et al., Defendants/Appellees.

Civ. A. No. 87–5334.
Bankruptcy No. 84–2145.

United States District Court, E.D. Louisiana.

Feb. 12, 1988.

---

George Scariano, Metairie, La., for plaintiffs/appellants.

Betty F. Mullin, New Orleans, La., for First Financial Bank.

## OPINION

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on an appeal from the Bankruptcy Court's order of October 15, 1987 denying the appellants' motion for contempt. By consent of counsel, the appeal was submitted to this Court without oral argument. Having considered the record, the arguments of counsel, and the applicable law, the Court rules as follows.

## FACTS

On March 20, 1986, the Bankruptcy Court reinstated the automatic stay under 11 U.S.C. § 362, enjoining any and all legal proceedings involving the estate of Tulane Hotel Investors Limited Partnership, the bankruptcy debtor in this matter.

On June 3, 1986, Wendy Early Parent and her husband, Norman A. Parent, brought an action in Louisiana state court on behalf of their minor children against First Financial Bank, F.S.B. On August 18, 1986, the Bank filed its answer, reconventional demand, and third-party demand against the Parents for their guarantees on loans the Bank made to the debtor partnership. On January 26, 1987, after the Parents had failed to answer the reconventional and third-party demands, the Bank obtained a default judgment against the Parents.

On April 27, 1987, the Parents filed in the Bankruptcy Court a motion for contempt against the Bank and its attorney Betty F. Mullin for obtaining the default judgment in the state court action. On May 13, 1987, after due notice, the Bankruptcy Court heard oral argument and received evidence on the motion. On October 15, 1987, the Bankruptcy Court denied the motion and explained its reasons with the following single paragraph:

The March 20, 1986 order of the Bankruptcy Court was entered for the protection of the debtor estate, and not for the protection of the Parents. The Parents' suit did not directly or indirectly involve Tulane Hotel Investors Limited Partnership or its administration. Testimony at the hearing indicated that the trustee, Jean H. Turner, stated the estate had no interest in litigation among the Bank and the guarantors of the Tulane Hotel Investors Partnership.

On October 26, 1987, the Parents filed a notice of appeal in the Bankruptcy Court.

## DISCUSSION

■ The issue before the Court is whether the Bank violated the Bankruptcy Court's stay order under 11 U.S.C. § 362 by seeking a default judgment against the Parents in state court without having first obtained Bankruptcy Court relief from the stay order.

The law on this issue is clear. The automatic stay provisions of 11 U.S.C. § 362 are for the benefit of the debtor estate and are designed to forestall a race to the courthouse by providing for an orderly, equitable distribution of the debtor's assets. *See Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir.1983). Bankruptcy law "permits a guarantor to be sued in state court while ... bankruptcy proceedings [are pending] against the principal debtor." *Browning Seed, Inc. v. Bayles,* 812 F.2d 999, 1004 (5th Cir.1987); *see GATX Aircraft Corp. v. M/V Courtney Leigh,* 768 F.2d 711, 716 (5th Cir.1985). The motion for contempt, then, is nothing more than an impermissible collateral attack on the state court judgment. Nullification of the state court judgment would not benefit the estate of the bankruptcy debtor, nor would such relief further the provisions of the Bankruptcy Code.

■ Appellants seek solace from the fact that at the time the Bank moved for default judgment there was pending in the Bankruptcy Court a motion by the Bank for a lifting of the automatic stay and that the Bank listed the Parent's state court action against the Bank as an action arising out of the same basic facts as in the Bankruptcy case. But this fact is irrelevant, for the mere existence of a motion to lift the stay does not mean the stay applies to the Parent's state court action, to which the bankruptcy debtor is not a party. To hold otherwise would be to ignore the clear law noted above. If a lender were not allowed to pursue an action against a guarantor of a bankrupt debtor, then the principal purpose for having guarantors would be lost: the very reason a lender seeks a guarantee is to ensure that money is available if ever the principal debtor goes bankrupt or is otherwise unable to pay back its debt.

Appellants further object on the grounds that, contrary to the Bankruptcy Court's written reasons, the Trustee never testified at the Bankruptcy Court hearing on the contempt motion and that the sole representations about the Trustee's position were inadmissible statements made by the Bank's attorney by way of argument. The Court need not even address these grounds, for as indicated above the state court action in no way affects the bankruptcy debtor's estate.

■ In concluding, the Court notes that the Parents themselves brought the state court action against the Bank after the stay order was entered; if the Court were to find the Bank in contempt, it would have to find the Parents in equal contempt. Equity must estop the Parents from gaining the protection of the stay order when they themselves instigated the state court action at issue after entry of the stay order.

## CONCLUSION

For these reasons, the Court AFFIRMS the order of the Bankruptcy Court. The Clerk of Court is directed to enter final judgment accordingly.