11 ARMSTRONG, J.
This writ application is denied.
This is a construction case. The original plaintiff, the Orleans Parish School Board (“the School Board”), contracted with Peter Vicari General Contractor, Inc. (“Vi-cari”) to perform certain work, including roof work, at a school. Vicari originally subcontracted with Weathertight Roofing, Inc. (“Weathertight”) to perform the roof work but, apparently, replaced Weather-tight with Gibson Enterprises, Inc. (“Gibson”) some time during the job. The roof work included the installation of certain sheeting which was manufactured and supplied by Goodyear Tire and Rubber Company (“Goodyear”). Apparently, Goodyear sold the sheeting to Weathertight and/or Gibson so there was no contractual privity between Goodyear and Vicari.
The work was completed but the roof leaked. The School Board sued Vicari. Among the allegations of the School Board’s petition against Vicari is the allegation that: “The flexible sheet roofing installed by Vicari proved to be unsuitable and deficient and ultimately failed”. Vi-cari answered and filed a third-party demand against Goodyear alleging that if Vicari is held liable in any amount | ¡»to the School Board with respect to the roof, then Vicari should be given judgment against Goodyear for the same amount. Although Vicari’s third-party demand against Goodyear does not use the terms “indemnity” or “contribution”, it is obviously a claim for indemnity and/or contribution and that is confirmed by Vicari’s briefs in the trial court and in this court.[1]
Goodyear responded to Vicari’s third-party demand with an “Exception of Prescription/Motion For Summary Judgment” which states that “the causes of action herein were known to third party plaintiff [Vicari] in 1986, and thus any claim filed in September 1993, when this third-party demand was filed, is time barred. Moreover, since there are no genuine issues of material fact on this issue, Goodyear respectfully moves for summary judgment on the same grounds ” (emphasis added). Thus, the only issue presented by Goodyear’s exception and motion was prescription. The trial court initially maintained Goodyear’s exception as to all tort claims but *1023 then, upon a motion for a new trial, denied Goodyear’s exception/motion. Goodyear brings the present writ application arguing that the trial court should have dismissed Vicari’s third-party demand against Goodyear based upon prescription.
The gist of Goodyear’s prescription argument is that the leaks in the roof were well known in 1986, the School Board sued Vicari in 1993 and Vicari made its third-party demand against Goodyear in 1993. The School Board’s suit against Vicari, being based upon an alleged breach of contract, is subject to ten year ^prescription and was timely brought. But, Goodyear argues that Vicari’s third-party demand against Goodyear is necessarily based in tort (because there in no contract between Vicari and Goodyear) and is, therefore, subject to one year prescription and prescribed because prescription began running in 1986.
Vicari responds by pointing out that its third-party demand against Goodyear is for indemnity and/or contribution and that prescription upon a claim for indemnity and/or contribution is itself cast in judgment on the principal demand. “Prescription does not begin to run on claims for indemnification and/or contribution until the party seeking same is, itself, cast in judgment.” Blue Streak Enterprises, Inc. v. Gulf Coast Marine, Inc., 370 So.2d 633 (La.App. 4 Cir. 4/10/79). Accord Guidry v. Hoogvliets, 411 So.2d 629 (La.App 4 Cir. 3/9/82) (citing Blue Streak).
Goodyear’s response to Vicari’s citation of the Blue Streak and Guidry decisions is to assert that Vicari has no right to receive indemnity or contribution from Goodyear. However, that is an argument that goes to the merits rather than to prescription. The only issue that Goodyear presented to the trial court was prescription (by its exception of prescription and motion for summary judgment, quoted above, which was expressly limited to prescription) and prescription, of course, goes only to the timeliness of a suit and not to the merits of the suit. Because the only issue presented by Goodyear to the trial court was prescription, we will exercise our supervisory jurisdiction only as to the issue of prescription and, because Vicari’s third-party demand is one for indemnity and/or contribution, it is not prescribed. Blue Streak, supra; Guidry, supra. If Goodyear wishes to challenge the merits, rather than the timeliness, of Vicari’s third-party demand, Uthen it can file in the trial court an exception of no cause of action or a motion for summary judgment directed to the merits.
Alternatively, were we to consider on this writ application Goodyear’s arguments that Vicari is not entitled to indemnity and/or contribution, we would be inclined to deny the writ. In deciding whether Vicari has stated a cause of action, we would consider, and assume to be true, the allegations of the School Board’s petition and Vicari’s third-party demand. The School Board’s petition, at paragraph 9, alleges defects in the material supplied by Goodyear rather than defective work by Vicari or its subcontractor. Vicari’s third-party demand, at paragraphs 37 and 38, alleges that the roof problems were caused by defective design or manufacture of the roofing material by Goodyear. These allegations tend to support Vicari’s argument that it is allegedly liable only for simple breach of contract, rather than any actual fault or neglect, where Goodyear is allegedly hable for active fault. Thus, we would not be inclined to find that Vicari had not stated a cause of action against Goodyear. As to Goodyear’s motion for summary judgment, we note that it was not supported by any affidavits nor by any depositions, interrogatory answers, responses to requests for admission or other discovery materials and that the copies of letters attached to it (which are not authenticated by affidavit or discovery materials) are relevant to the prescription issue because they show the time when the parties had knowledge of the roof problems but they are not at all dispositive as to the merits. Also, Vicari did not submit to the *1024 trial court any affidavits or discovery materials as to the merits which, of course, is to be expected since the only issue raised in the trial court by Goodyear was prescription. Without even the most basic information as to the merits having been submitted by affidavits or discovery materials (e.g., the terms | Bof the roof sheeting purchase order, the specifications for the roof work or reports of the manner of failure of the roof) there is simply no way that the merits can be addressed on summary judgment.
For the- foregoing reasons, the writ application is denied. Goodyear may reurge its arguments in the trial court or on an appeal from a final judgment.

WRIT DENIED.

. Vicari also made a third-party demand against Weathertight’s principal and alleged that Weathertight went bankrupt during the job.