**Robert Murray COLLINS**

v.

**COASTLINE CONSTRUCTION, et al.**

Civ. A. Nos. 92–16, 92–2430.

United States District Court,
E.D. Louisiana,
Section A.

April 21, 1993.

Winston Edward Rice, Eileen R. Lintz Madrid, and Edward Francis Lebreton, III, Rice, Fowler, Kingsmill, Vance, Flint & Booth, New Orleans, LA, for Robert Murray Collins.

Paul Richard Miller and Robert A. Chaffin, Chaffin Law Firm, Houston, TX, for David E. Long and Rita Long.

Peter L. Hilbert, Jr. and Darnell Bludworth, McGlinchey, Stafford & Lang, New Orleans, LA, for Willis Corroon Corp. of Louisiana.

Jerry V. Walker, Houston, TX, for Underwriters at Lloyd's London.

### ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

On November 3, 1992, this Court ordered the parties to appear and show cause why a proposed stipulated judgment against Coastline Construction in favor of David and Rita Long in the amount of $672,250.00 should not be entered in the record as the judgment between those parties. In response to the Court's order to show cause, Willis Corroon filed a Joint Motion for Summary Judgment and Memorandum in Opposition to the Stipulated Judgment. After several continuances, the rule to show cause and motion for summary judgment were set for hearing on March 17, 1993, but were submitted on the briefs. For the reasons stated herein, the motion for summary judgment is hereby GRANTED, in part, and DENIED, in part, and the proposed stipulated judgment in favor of David and Rita Long and against Coastline Construction shall not be entered as the judgment between those parties.

## I. BACKGROUND

In 1991, David Long, a seaman and employee of Coastline Construction, Inc. ("Coastline"), suffered extensive injuries during the course and scope of his employment. In anticipation of its obligation to pay maintenance and cure and potential civil liability, Coastline asserted a right to indemnification and defense under its excess maritime employer's liability coverage. The insurance policy had previously been obtained by Coastline through its insurance broker the Willis Corroon Corporation of Louisiana ("Willis Corroon") and issued by underwriters at Lloyds ("Lloyds"). Lloyds, however, disputed coverage citing errors and omissions in the application for insurance. On January 2, 1992, Lloyds filed a declaratory judgment action in this Court naming, among others, Coastline and the Longs as defendants.

Shortly thereafter, the Longs and Coastline entered into a partial release and assignment of rights.[1] Under the terms of the release, Coastline paid David and Rita Long $300,000.00 and granted the couple an assignment of any potential claims Coastline had against Lloyds, Willis Corroon, and Gulf Coast Marine, Inc.[2] The parties further agreed that Coastline would remain in the suit to cooperate with the Longs in the prosecution of its assigned claims. In exchange for the above and in consideration of $10,000 in prior payments of maintenance and cure, the Longs agreed not to enforce an award or judgment against Coastline in excess of $310,000.00. The Longs further agreed that they would reimburse Coastline in the amount of $310,000.00 plus interest in the event the Longs were successful in prosecuting Coastline's claims. The agreement, how-

---

1. Attached hereto as Exhibit "A".

2. Coastline Construction reserved the right to pursue Lloyds for its own defense costs, expenses, and attorney's fees.

ever, specified that any reimbursement would come from the net proceeds, i.e., after attorney's fees and costs had been deducted, of a settlement or judgment against the non-settling defendants.[3]

In April 1991, the Longs filed suit against Lloyds, Willis Corroon, and Gulf Coast Marine in Texas state court. The case was removed to federal court and then transferred to this district where it was consolidated with Lloyds' declaratory judgment action. The Longs then filed a cross-claim against Coastline in the declaratory judgment action. Prior to trial, the Longs settled their claims against Lloyds and Gulf Coast Marine for $404,000.00. The settlement was ostensibly for all claims against those defendants, including any penalty and punitive damage claims the Longs may have had against Lloyds for its refusal to indemnify and defend Coastline. Since the Longs and Coastline were unable to reach a similar accord with Willis Corroon, the matter proceeded to trial on November 2, 1992 with the issues of Coastline and Willis Corroon's liability and the Longs' damages unresolved.

To prevail against Willis Corroon, the Longs were obliged to prove not only their damages and the liability of Coastline for its failure to pay maintenance and cure but also the liability of Willis Corroon, which depended on whether Willis Corroon failed in its duties as an insurance broker and whether its errors and omission resulted in a gap in Coastline's insurance coverage. On the morning of first day of trial, the Longs and Coastline announced that they had agreed to a stipulated judgment with respect to Coastline's liability and the Longs damages.[4] They further asserted that they intended to proffer the stipulated judgment as admissible evidence to be published before the jury.[5] In conjunction with the foregoing announcement, Coastline and the Longs alleged that Willis Corroon's counsel was in violation of this Court's ethical rules governing attorney-client conflicts of interest. Accordingly and in light of the questions surrounding the propriety of the proposed stipulated judgment, the Court declared a mistrial and set the conflict of interest and stipulated judgement issues for hearing.[6]

## II. PROPOSED STIPULATED JUDGMENT

Willis Corroon contends that the proposed stipulated judgment should not be entered as the judgment between Coastline and the Longs because it results from collusion between two traditionally adverse parties and is designed to inflate plaintiffs' damage award. Willis Corroon suggests that the Court conduct an inquiry into the fairness of the Coastline/Long settlement from which the stipulated judgement results by analyzing the agreement under a six-part test applied in the review of proposed settlements in class action litigation.[7] Willis Corroon, however, has failed to account for distinctions between class action litigation and a seaman suit. Although some issues relevant to the review of a class action settlement may indeed be rele-

3. The settlement agreement also contained a veto provision through which Coastline could reject any proposed settlement between the Longs and the defendants with respect the claims assigned by Coastline.

4. Attached hereto as Exhibit "B".

5. Under the terms of the agreement, Coastline admitted liability for compensatory and punitive damages in the amount of $672,250.00 for its failure to pay maintenance and cure.

6. See Daniel v. Penrod Drilling Co., 393 F.Supp. 1056 (E.D.La.1975) (Rubin, J.) (granting new trial for failure to disclose Mary Carter agreement prior to trial). The attorney-client conflict of interest issue has since been resolved with all parties agreeing to waive their right to object to a former attorney representing an adverse party.

7. The six factors to be considered are:

1. Whether the proposed settlement was the product of collusion;
2. The complexity, expense, and likely duration of the litigation;
3. The stage of the proceedings and the actual amount of discovery completed;
4. The factual and legal obstacles to prevailing on the merits;
5. The possible range of recovery and the certainty of damages;
6. The respective opinions of the participants, including class counsel, class representatives, and the absent class members.

See Salinas v. Roadway Express, Inc., 802 F.2d 787, 789 (5th Cir.), cert. denied, 479 U.S. 1103, 107 S.Ct. 1335, 94 L.Ed.2d 185 (1986).

vant to Willis Corroon's objection to the settlement and proposed stipulated judgment, class action litigation generally involves "concerns not present in a seaman's suit." *Bass v. Phoenix Seadrill/78, Ltd.,* 749 F.2d 1154, 1161 n. 11 (5th Cir.1985). Moreover, and as more fully explained below, the Court's ability to intervene on behalf of a non-settling party is dictated by factual injury rather than fairness alone.

■■■ The general rule of law regarding settlement agreements is that settling parties retain the autonomy to fashion their own settlement terms free from the interference of the Court and non-settling parties. This is true even where a settlement agreement falsely aligns the parties before the trier of fact by creating a financial interest in the plaintiff's judgment for the settling defendant. *See id.* at 1157–65. Although parties enjoy wide latitude in fashioning terms of settlement, their freedom is not unfettered. A court may intercede on behalf of a non-settling defendant whenever the remaining party demonstrates that the proposed settlement would cause legal prejudice in the form of a denial of a procedural or substantive right.[8] *Id.* at 1165. On the other hand, mere tactical disadvantage or factual injury to the non-settling defendant is insufficient to provide that defendant with the necessary standing to object to the merits of a proposed settlement.

At issue in this case is the extent to which settling parties may agree to cooperate in their efforts to secure a judgment against a non-settling defendant. It is clear that certain agreements to cooperate, such as an agreement to make witnesses available for trial or deposition, have no detrimental impact on the fact finding process and should not be disturbed. The stipulated judgment proposed by Coastline and the Longs is not such an agreement. To the contrary, the Longs and Coastline are attempting to deprive Willis Corroon of its rights and defenses as a litigant by removing disputed issues of material fact from the province of the factfinder.

■■■ As a party to this litigation, Coastline was entitled to plead any procedural or substantive defense sufficient to overcome the Longs' factual and legal allegations. By the same token, it was also within Coastline's discretion to settle its dispute with the Longs, render performance on the debt arising from the agreement, and pursue its claims against Willis Corroon. Instead, Coastline remains a party to this action and has placed itself in the position of having a vested financial interest in cooperating with a party that would be its adversary in any other circumstance. To accomplish this state of affairs, Coastline and the Longs have shifted responsibility for funding a potential judgment from Coastline to Willis Corroon. The parties have, in essence, made Willis Corroon liable in solido, i.e., they have obligated Willis Corroon to pay the full sum of any award that may be due by virtue of Coastline's failure to pay maintenance and cure. *See Melancon v. Travelers Insurance Co.,* 209 F.Supp. 68 (W.D.La.1962). Willis Corroon should therefore not be deprived of any common defenses or means of defeating the Longs' action merely because Coastline has chosen to forego the same.[9] Accordingly, the proposed stipulated judgment be-

**8.** Settling parties, for example, cannot use a settlement agreement as a means of depriving "non-settling defendants of relevant, otherwise admissible evidence." *Id.* at 1164; *see Dunn v. Sears, Roebuck & Co.,* 639 F.2d 1171, 1173 (5th Cir.), *modified* 645 F.2d 511 (5th Cir.1981).

**9.** The Court's ruling is consistent with Louisiana jurisprudence regarding contribution of third parties to settlement agreements that were entered into without their knowledge or participation. *See Morris v. Kospelich,* 206 So.2d 155, 158 (La.Ct.App. 4th Cir.1968) ("If the joint tortfeasor requesting contribution proves that a tort was in fact committed, that the defendant was solidarily liable with him for the amount compromised, and that the amount paid was not in excess of the damage inflicted, he may collect his pro-rata share from the other joint tortfeasor by virtue of a separate suit."). Had Coastline and the Longs entered into a settlement agreement for settlement of the full value of the Longs' claims and had Coastline rendered performance, quantum would not be an issue in this case. *Ducote v. Commercial Union Insurance Co.,* 616 So.2d 1366, 1371–72 (La.Ct.App. 3d Cir.1993). By not rendering performance on a definite sum, Coastline has left the issue of damages unresolved and open to challenge from those who will have to fund any judgment.

tween the Longs and Coastline [10] will not be entered as the judgment in these proceedings. Moreover, to obtain a judgment herein, the settling parties must come forward with evidence demonstrating that: (1) Coastline breached its duty to David Long to pay maintenance and cure; (2) the Longs suffered damages as a result of said failure; and (3) Willis Corroon would have been liable to Coastline had Coastline been required to fund the judgment rendered.[11]

## III. SUMMARY JUDGMENT

■ In its motion for summary judgment, Willis Corroon argues that the Longs and Coastline have been fully compensated by way of settlement with Lloyds and Gulf Coast Marine for all non-punitive damage claims. Willis Corroon further contends that summary judgment is proper as to all claims for punitive damages and attorney's fees because Coastline and the Longs, as the assignees of Coastline's claims, had no cause of action for these damages under Louisiana law.[12]

The Longs and Coastline are entitled to recover only those damages suffered by Coastline as a result of Willis Corroon's breach of duty, if any, as a broker. Thus,

the Longs and Coastline may recover punitive damages from Willis Corroon only if Willis Corroon was obligated to secure insurance coverage for those damages and breached its duty to do so. Willis Corroon points out that the EMEL insurance policy issued by Lloyds contains an express provision excluding punitive damages under the policy. Willis Corroon argues that, since Lloyds had no obligation to pay punitive damages under the policy, its liability is similarly limited. Although this assertion is not entirely accurate,[13] neither the Longs nor Coastline addressed this issue in their memorandum in opposition to summary judgment, except to say that punitive damages are an available remedy to seamen who have been wantonly denied maintenance and cure.[14] Since the Longs and Coastline have offered no factual basis upon which to impose punitive damage liability on Willis Corroon, the Court must grant Willis Corroon's motion for summary judgment as to the issue of punitive damages.

■ In the absence of punitive damages, the Longs may only recover maintenance and cure and consequential damages from Willis Corroon.[15] Willis Corroon argues that $404,-

10. Although not addressed by the parties, it is relevant to note that the parties proposed entry of "judgment" rather than an order of dismissal. Absent the circumstances required under F.R.C.P. Rule 54(b), entry of judgment prior to resolution of all disputes is ordinarily improper.

11. The Court notes that the Longs and Coastline willingly concede that they would have no difficulty in presenting relevant evidence as to these issues.

12. Coastline and the Longs contest Willis Corroon's motion on two procedural grounds. First, they argue that the motion was filed after the Court's deadline for filing pre-trial motions. The deadline, however, was established in anticipation of the November 3, 1992 trial date. After the mistrial, the Court delayed in setting a new trial date and with it new deadlines for pre-trial motions in order to address the orders to show cause pending in this action. Had a new trial date been set in this matter Willis Corroon would have been free to file its motion. Moreover, Coastline and the Longs were provided with sufficient time to prepare their motion in opposition. Under these circumstances, Coastline and the Longs have suffered no prejudice and the motion is, accordingly, taken up at this time. Coastline's and the Longs' second procedural

objection relates to the conflict of issue questions that are now resolved. The objection is, therefore, moot.

13. Willis Corroon, for example, could have been held liable for punitive damages if Coastline sought such damages and Willis Corroon breached its duties to obtain an insurance policy without the exclusion found in the policy issued by Lloyds.

14. The Court notes that Coastline and the Longs not only failed to address the issue in its memorandum but likewise failed, as required by the rules of this Court, to list the recovery of punitive damages against Willis Corroon as a disputed fact in its list of material issues of fact still in dispute.

15. It is well established in this Circuit that there is an escalating scale of liability for the failure to pay maintenance and cure:

A shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the amount of maintenance and cure. If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for

000.00 in settlement funds already received adequately compensates the Longs for all non-punitive damages. Willis Corroon, however, neglected to submit proof in support of its position. Moreover, Willis Corroon fails to recognize that the settlement agreement between Lloyds and the Longs was for all potential claims against Lloyds, including claims for punitive damages and penalties for improper denial of coverage. To the extent that the Longs and Coastline can demonstrate that a sum certain was designated as compensation for said claims, Willis Corroon is not entitled to offset its own potential liability with those sums. On the other hand, the Longs and Coastline are not, as they assert, entitled to attorney's fees and costs for prosecuting their claims against Willis Corroon, although Coastline may recover any amounts expended in defending against the principal action brought by the Longs. *See Duhon v. Mobile Oil Corp.,* No. 86–3377, slip op. at 9–10 (W.D.La. Aug. 27, 1992) (citing cases). As neither party has provided an accurate accounting of the funds already received by the Longs, minus any offset or credit as heretofore described, and, in the absence, of evidence regarding future medical costs and compensatory damages, summary judgment is improper with respect to the quantum of non-punitive damages. Accordingly,

IT IS ORDERED that the proposed stipulated judgment between Coastline Construction, Inc. and David and Rita Long will not be entered as the judgment between those parties.

IT IS FURTHER ORDERED that Willis Corroon Corporation of Louisiana's Motion for Summary Judgment is hereby GRANTED as to any claims assigned by Coastline to the Longs for recovery of punitive damages from Willis Corroon.

IT IS FURTHER ORDERED that except as specifically set forth in the foregoing order Willis Corroon of Louisiana's Motion for Summary Judgment is hereby DENIED.

---

compensatory damages. If the owner not only lacks a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorney's fees as well.

EXHIBIT A

PARTIAL RELEASE AND
ASSIGNMENT OF
RIGHTS

WHEREAS, Coastline Construction, Inc. was the employer of David Long on or about February 15, 1991, and;

WHEREAS, David Long sustained horribly disfiguring personal injuries while in the course and scope of his employment for Coastline Construction, Inc. as welder aboard the M/V EBII a jackup barge working within the waters of the State of Louisiana, and;

WHEREAS, David Long has and will incur medical expenses associated with this injury in excess of $310,000.00 and;

WHEREAS, David Long filed a lawsuit against Coastline Construction, Inc. and Torch, Inc. in Jim Wells County in and for the State of Texas for damages including maintenance and cure pursuant to General Maritime Law, and;

WHEREAS, Coastline Construction, Inc. has entered a special appearance in said proceeding and notified, immediately after Mr. Long's injury, its maritime employers liability insurers, both Primary and Excess, including, but not limited to, Underwriters at Lloyd's of London, and;

WHEREAS, despite repeated demands by counsel for David Long and counsel for Coastline Construction, Inc., Excess Maritime Employers Liability Underwriters have refused to pay maintenance and cure, and therefore

IT IS HEREBY AGREED between Coastline Construction, Inc. and David Long that in exchange for payment of maintenance to date of approximately $10,000, the receipt of which is hereby acknowledged, plus an additional amount. to be paid for medical expenses incurred, totalling $300,000.00 said payments to be made in two equal install-

---

*Morales v. Garijak, Inc.,* 829 F.2d 1355, 1358 (5th Cir.1987).

ments, the first payment of $150,000.00 having been made on the 4th day of January, 1992, and the second installment coming due on the 18th day of February, 1992, David and Rita Long hereby grant full and complete discharge of Torch, Inc. and a partial release in favor of Coastline Construction, Inc. as set forth in greater detail below:

IN FURTHER CONSIDERATION for this partial release, Coastline Construction, Inc. hereby assigns to David and Rita Long all claims that it now has or may hereafter have against its insurers, brokers and insurance agents, including, but not limited to, Underwriters at Lloyd's of London, Gulf Coast Marine, Inc., Carroon & Black, Inc., Carroon & Black of Louisiana, Inc., and Willis Carroon Corporation of Louisiana. This assignment includes but is not limited to causes of action for breach of contract for any duty whether contractual or delictual; breach of the duty of good faith and fair dealing; breach of the duty to defend; breach of the duty to investigate, negotiate and/or settle in good faith; any action in tort; any action under the Texas Deceptive Trade Practices Act, the Texas Insurance Code or the Louisiana Unfair Trade Practices Act; any common law duty, or under any other applicable statute or law; and, for all damages occasioned as a result of underwriters' failure to defend and failure to pay maintenance and cure expenses to and on behalf of David Long. Coastline Construction, Inc. individually reserves the right to pursue Underwriters solely for its own costs, expenses and attorney fees incurred by Coastline Construction, Inc. due to Underwriter's wrongful actions. The cause of action retained by Coastline Construction, Inc. is not inclusive of the direct value of the Longs' claims against Coastline Construction, Inc.

David Long and Rita Long hereby agree that they will grant a partial release of $310,-000 to Coastline Construction, Inc. from any judgment or award rendered in their favor against Coastline Construction, Inc. for damages, including penalties, exemplary or punitive damages and attorney fees arising out of David Longs' injuries sustained on February 15, 1991, and,

FURTHER that they will not attempt to enforce any award or judgment in excess of $310,000.00 against Coastline Construction, Inc. for any damages whether they be of a compensatory or punitive nature, except and only insofar as said award or judgment is covered by insurance and/or proceeds from any sort of cause of action against hereunder against Coastline Construction, Inc.'s broker, agents or insurers.

IN FURTHER CONSIDERATION OF THE FOREGOING, David and Rita Long hereby agree that Coastline Construction, Inc. will be paid out of the net proceeds of any settlement, judgment or award rendered in favor of David and Rita Long, either individually or pursuant to their subrogation of Coastline Construction, Inc.'s rights against Excess Maritime Employers Liability Underwriters and/or brokers or agents of Coastline Construction, Inc. $310,000.00 plus interest at the rate of eight (8%) percent per annum from the date of each payment, with interest not to exceed $50,000.00. Said payment will be in preference to David and Rita Long and will be paid from the first dollar net of the attorneys fees and costs incurred by counsel for David and Rita Long in pursuing Excess Underwriters and/or Coastline Construction, Inc.'s brokers or agents.

IN CONSIDERATION HEREOF, David and Rita Long agree to pursue the claims assigned to them herein with due diligence and agree that if a settlement satisfactory to the Longs and Coastline cannot be reached with the insurance company, brokers or agents, suit will be filed to collect all amounts owed in a reasonable and timely fashion. Coastline Construction, Inc. agrees to cooperate with the Longs in pursuing these assigned rights and will make available all witnesses in the employ of Coastline Construction, Inc. or Torch, Inc. at trial or discovery in connection with these claims. Coastline Construction, Inc. shall be consulted before any settlement is reached with underwriters, brokers and/or agents and shall have the right to reject any settlement offer made by underwriters, brokers and/or agents.

This assignment of rights becomes effective immediately upon execution of this document by all parties.

THUS DONE AND SIGNED on this 9th day of March, 1993.

/s/ David Long
David Long
/s/ Rita Long
Rita Long

SWORN TO AND SUBSCRIBED BEFORE ME, THIS 8th DAY OF March, 1992.

/s/ Anita Sue Hinds
NOTARY PUBLIC

Coastline Construction, Inc.
/s/ Lyle Stockstill
By: Lyle Stockstill, President

SWORN TO AND SUBSCRIBED BEFORE ME, THIS [illegible] DAY OF March, 1992.

/s/ [Signature]
NOTARY PUBLIC

EXHIBIT B

United States District Court Eastern District of Louisiana

Robert Murray Collins, as Representative of Certain Underwriters at Lloyd's, London

vs.

Coastline Construction, Inc., Shell Offshore, Inc., and David E. Long

Civil Action

No. 92–0016

Consolidated with

No. 92–2430

Sect. A, Mag. 5

STIPULATION

NOW COME COASTLINE CONSTRUCTION, INC. and DAVID LONG AND RITA LONG and stipulate that COASTLINE CONSTRUCTION, INC. agrees to allow judgment to be entered against it and in favor of DAVID LONG in the amount of $672,250.00 (SIX HUNDRED SEVENTY-TWO THOUSAND TWO HUNDRED FIF-TY DOLLARS) with respect to all claims, except the Jones Act claim, made by David Long in the cases consolidated under C.A. No. 92–16 in the United States District Court, Eastern District of Louisiana. The amounts stipulated include all damages which David Long is entitled to recover from COASTLINE CONSTRUCTION, INC. with respect to past and future maintenance and cure, consequential damages for failure to timely and/or properly pay cure, consequential damages for failure to investigate and pay the proper rate of maintenance, attorney fees incurred by David Long in pursuing recovery of maintenance and cure damages from Coastline, exemplary damages for arbitrary and capricious failure to timely and/or properly pay cure, and exemplary damages for arbitrary and capricious failure to investigate and pay the proper rate of maintenance. No portion of the above stipulated amount is intended to nor does it cover liability under the Jones Act, 46 U.S.C. Sec. 688, which is expressly denied by COASTLINE CONSTRUCTION, INC. David Long will voluntarily abandon all claims for recovery under the Jones Act. The parties to this stipulation agree that David Long was employed as a seaman by COASTLINE CONSTRUCTION, INC. at the time of his injury on February 15, 1991, and that David Long was injured in the service of the vessel EB–2 on that date. The parties to this stipulation consider this stipulation to be reasonable given the more than $250,000 in medical bills which remained unpaid for more almost a year and the remainder of the damages which David Long would likely be able to show if the claims, except the Jones Act claim, were tried. The above judgment may be entered in either C.A. No. 92–16 or the Texas state court proceeding which is pending against COASTLINE CONSTRUCTION, INC. in Jim Wells County, Texas.

EXECUTED THIS 3rd day of November, 1992.

AGREED TO ON BEHALF OF COASTLINE CONSTRUCTION, INC.:

/s/ Lyle Stockstill
Lyle Stockstill, President

AGREED TO:

/s/ David Long

David Long

/s/ Rita Long